KYLE J. KAISER (13924)
Assistant Utah Attorney General
SEAN D. REYES (7969)
Utah Attorney General
160 East 300 South, Sixth Floor
P.O. Box 140856
Salt Lake City, Utah 84114-0856
Telephone: (801) 366-0100
email: kkaiser@agutah.gov

*Attorney for Defendants Spencer Cox and Michael Styler*

## UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UTE INDIAN TRIBE OF THE UINTAH AND OURAY INDIAN RESERVATION, a federally recognized Indian Tribe, <br><br> Plaintiff(s), <br><br> v. <br><br> DAVID URE, MICHELLE MCCONKIE, MICHAEL STYLER, SPENCER COX, UTAH SCHOOL AND INSTITUTIONAL TRUST LANDS ADMINISTRATION, <br><br> Defendant(s). | **GOVERNOR COX AND FORMER DIRECTOR STYLER'S MOTION TO DISMISS** <br><br> Case No. 2:23-CV-295-DBB-CMM <br><br> Judge David B. Barlow <br> Magistrate Judge Cecilia M. Romero |

i

TABLE OF CONTENTS

MOTION ......................................................................................................... 1

MEMORANDUM OF LAW ............................................................................ 3

INTRODUCTION ............................................................................................ 3

FACTUAL BACKGROUND .......................................................................... 5

LEGAL STANDARD ...................................................................................... 10

LEGAL ARGUMENT ..................................................................................... 12

   1.    All claims should be dismissed against Governor Cox. ........................... 13

      1.1.    The Tribe does not state a plausible claim against Governor Cox in his individual capacity.................................................................................... 14

      1.2.    The Tribe does not state a plausible claim against Governor Cox in his official capacity....................................................................................... 15

   2.    Claims against former Director Styler should be dismissed. ................... 19

      2.1.    The Tribe does not state a plausible claim against former Director Styler in his individual capacity................................................................... 19

      2.2.    The Tribe does not state a plausible claim against former Director Styler in his official capacity. .................................................................... 20

   3.    The Tribe's federal claims should be dismissed. ..................................... 21

      3.1.    The Tribe's federal claims are barred by the relevant statutes of limitations. .............................................................................................. 22

      3.2.    The Tribe cannot bring § 1983 claims because it is not a "person" under § 1983. ........................................................................................... 23

      3.3.    The Tribe cannot bring Title VI claims against individuals............... 23

      3.4.    The Tribe's federal claims are subject to dismissal for failure to allege invidious discrimination. ............................................................................ 25

ii

4.      The Tribe's state law claims should be dismissed. ................................... 26

    4.1.    The Tribe's failure to file a notice of claim bars their state law claims. 27

    4.2.    Utah's statute of limitations bars the Tribe's state law claims............ 28

    4.3.    The Immunity Act substantively bars the Tribe's claims. ................... 29

    4.4.    The Tribe's state law claims are improperly pleaded. ........................ 31

CONCLUSION ......................................................................................... 31

WORD COUNT CERTIFICATION ......................................................... 32

iii

TABLE OF AUTHORITIES

Page(s)

Cases

*Alden v. Maine,*
   527 U.S. 706 (1999) ............................................................................ 16
*Alexander v. Choate,*
   469 U.S. 287 (1985) ............................................................................ 25
*Alexander v. Sandoval,*
   532 U.S. 275 (2001) ....................................................................... 24, 25
*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009) .................................................................... passim
*Assoc. of Mexican–American Educators v. State of Cal.,*
   195 F.3d 465 (9th Cir.1999) ............................................................... 25
*Bell Atl. Corp. v. Twombly,*
   550 U.S. 544 (2007) ............................................................................ 11
*Brown v. Montoya,*
   662 F.3d 1152 ....................................................................... 13, 14, 20
*Brown v. Unified Sch. Dist. 501,*
   465 F.3d 1184 (10th Cir. 2006) .......................................................... 22
*Comfort ex rel. Neumyer v. Lynn Sch.,*
   131 F. Supp. 2d 253 (D. Mass. 2001) ................................................ 25
*Craig v. Provo City,*
   2016 UT 40, 389 P.3d 423 .................................................................. 28
*Delbert v. Duncan,*
   923 F. Supp. 2d 256 (D.D.C. 2013) .................................................... 26
*Ex parte Young,*
   209 U.S. 123 (1908) ............................................................................ 16
*Fratus v. Deland,*
   49 F.3d 673 (10th Cir. 1995) .............................................................. 22
*Free Speech Coal., Inc. v. Anderson, ___ F. Supp. 3d ___,*
   2023 WL 4899509, at * 2 (D. Utah. Aug, 1, 2023) ............................ 18
*Gee v. Pacheco,*
   627 F.3d 1178 (10th Cir. 2010) .......................................................... 12
*Hall v. Bellmon,*
   935 F.2d 1106 (10th Cir. 1991) .......................................................... 12
*Hall v. Witteman,*
   584 F.3d 859 (10th Cir. 2009) ............................................................ 11

iv

*Hendrickson v. AFSCME*,
    992 F.3d 950 (10th Cir. 2021) ............................................................ 16, 17, 18

*Holt v. United States*,
    46 F.3d 1000 (10th Cir. 1995) ............................................................ 11

*Inyo Cnty. v. Paiute-Shoshone Indians*,
    538 U.S. 701 (2003) ............................................................ 23

*Kentucky v. Graham*,
    473 U.S. 159(1985) ............................................................ 13

*Leverington v. City of Colo. Springs*,
    643 F.3d 719 (10th Cir. 2011) ............................................................ 11

*Levy v. Kan. Dep't of Soc. & Rehab. Servs.*,
    789 F.3d 1164 (10th Cir. 2015) ............................................................ 22

*Los Alamos Study Grp. v. U.S. Dep't of Energy*,
    692 F.3d 1057 (10th Cir. 2012) ............................................................ 11

*Lyons v. Kyner*,
    No. 09-3308, 367 F. App'x 878 (10th Cir. Feb. 10, 2010)........................... 22

*McGraw v. Univ. of Utah*,
    2019 UT App 144, 449 P.3d 943 ............................................................ 27

*Muscogee (Creek) Nation v. Okla. Tax Comm'n*,
    611 F.3d 1222 (10th Cir. 2010) ............................................................ 10, 23

*Osterkamp v. Salt Lake Cnty.*,
    No. 2:20-cv-00032-DAO, 2020 WL 5298866 (D. Utah Sept. 4, 2020) ................. 10

*Peak Alarm Co. v. Werner*,
    2013 UT 8, 297 P.3d 592 ............................................................ 28

*Pinder v. Duchesne Cnty. Sheriff*,
    2020 UT 68, 478 P.3d 610............................................................ 10

*Robbins v. Oklahoma*,
    519 F.3d 1242 (10th Cir. 2008) ............................................................ 14

*Shotz v. City of Plantation, Fla.*,
    344 F.3d 11610 (11th Cir. 2003)............................................................ 24

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
    551 U.S. 308 (2007) ............................................................ 17

*Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*,
    429 U.S. 252, (1977) ............................................................ 25

*Webb v. Swensen*,
    663 F. App'x 6093 (10th Cir. 2016)............................................................ 24

*Will v. Mich. Dept. of State Police*,
    491 U.S. 58 (1989) ............................................................ 13, 14

*Winegar v. Springville City*,
    2018 UT App 42, , 424 P.3d 1006 ............................................................ 27, 28

v

Statutes

42 U.S.C. § 2000d...................................................................................................... passim
42 U.S.C. §§ 1981–1985............................................................................................. passim
Utah Code § 53C-1-103(1)(a)........................................................................................ 11
Utah Code § 53C-1-102(3)............................................................................................. 23
Utah Code § 63G-6-102(1)............................................................................................. 35
Utah Code § 63G-7-101................................................................................................. 35
Utah Code § 63G-7-101(3)............................................................................................. 21
Utah Code § 63C-7-403(2)(b)........................................................................................ 34
Utah Code §§ 53C-1-202(2), (4), (5)............................................................................. 22
Utah Code §§ 63G-7-401............................................................................................... 32

Rules

Fed. R. Civ. P. 10(c)..................................................................................................... 17
Fed. R. Civ. P. 25(d)..................................................................................................... 26
Federal Rule of Civil Procedure 12(b)(1) and (6)............................................................. 6
Rule 12(b)(1)................................................................................................................ 15
Rule 12(b)(6).......................................................................................................... 15, 16

Other Authorities

Federal Practice and Procedure § 3524.3 (3d ed., Oct. 2020 update))........................... 22
DUCivR 7-1(a)(7)..................................................................................................... passim

vi

## MOTION

Defendants the Honorable Spencer Cox, Governor of the State of Utah, and Michael Styler, former Executive Director of the Utah Department of Natural Resources, through counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6), move to dismiss the Tribe's Complaint (doc. 1).  The bases of the motion include:

1. Governor Cox is not an appropriate defendant because:

   - The Tribe does not plead that Governor Cox had any personal participation in any of the actions in this lawsuit to subject him to liability in his individual capacity; and

   - Governor Cox, by virtue of his office, has no connection with the enforcement of any acts at issue in this case, more than a mere general duty to enforce the law, and therefore cannot be subject to suit in his official capacity.

2. Former Director Styler is not an appropriate defendant because:

   - The Tribe does not plead that Former Director Styler had any personal participation in any of the actions in this lawsuit to subject him to liability in his individual capacity; and

- Styler is no longer a governmental official, and therefore cannot be sued in his individual capacity, and the Tribe has not pleaded that the Executive Director of the Department of Natural Resources should be subject to any injunctive relief.

3. The Tribe's federal claims should be dismissed because:

- They are barred by the relevant statutes of limitations;

- The Tribe is not a "person" who may bring claims under 42 U.S.C. §§ 1981–1985;

- Title VI claims may not be brought against individuals;

- The Tribe has not pleaded facts demonstrating invidious discrimination to support their Equal Protection or Title VI claims.

4. The Tribe's state claims should be dismissed because:

- The Tribe has failed to file a Notice of Claim as required by the Governmental Immunity Act of Utah;

- The Tribe's claims are barred by the statute of limitations;

- The Tribe's tort claims are barred by the Immunity Act; and

- The Tribe has failed to plead with particularity any facts supporting their claims of fraud and conspiracy as related to Governor Cox and Former Director Styler.

For these reasons, further described in the accompanying Memorandum of Law, the Governor Cox and Former Director Styler respectfully request that the Court dismiss Plaintiffs' Complaint, with prejudice.

## MEMORANDUM OF LAW

### INTRODUCTION

The Utah School and Institutional Trust Lands Administration (SITLA) owns, manages, and holds in trust, lands in the State of Utah granted to the State to support common schools and other beneficiaries.  It occasionally transfers, trades, or sells those lands when it is in the best interest of the SITLA trust.  In 2018, SITLA offered for sale surface rights to a parcel of property known as Tabby Mountain located north of Fruitland and south of Tabiona, Utah.  The Tribe and the Utah Department of Natural Resources bid on the property, and eventually SITLA voted to suspend the Tabby Mountain sale.

The Tribe alleges that the bidding process was improper, alleges without any specific facts that various government officials violated constitutional,

3

statutory, and common law, and seeks damages and specific performance—that SITLA should be required to sell Tabby Mountain to the Tribe.

The Tribe seeks relief from defendants other than SITLA. In their Complaint, the Tribe names both Governor Cox and former Executive Director of DNR, Michael Styler. The case against both should be dismissed.

Neither Governor Cox nor former Executive Director Styler is an appropriate defendant. The Tribe alleges no facts against Governor Cox for him to be held liable in his individual capacity, and his office has no connection with the enforcement of the law at issue in this case for him to be held liable in his official capacity for any requests for injunctive relief. Similarly, the Tribe alleges no facts against former Director Styler to subject him to liability in his individual capacity, and because he is no longer the DNR's Executive Director, there can be no claim against him in his official capacity. (Nor has the Tribe alleged any facts subjecting the current Executive Director to suit in this case.)

The Tribe's claims are also either substantively barred or fail to state a claim. The Tribe's federal constitutional claims are barred by the relevant statutes of limitations. They are barred because the Tribe is not a "person" that may bring

4

§ 1983 claims, and the Tribe's Title VI claims cannot be brought against individuals.

The Tribe's state claims are barred because they have not filed a Notice of Claim, which is a prerequisite to suit against government officials under the Governmental Immunity Act of Utah.  They are untimely.  They are also barred substantively by the Immunity Act.  And even if there was no Immunity Act bar, the Tribe fails to properly plead their state-law claims of conspiracy and fraud, which must be pleaded with particularly.

Accordingly, the entire Complaint should be dismissed against Governor Cox and former Director Styler, with prejudice.

## FACTUAL BACKGROUND

The following facts are taken from the Tribe's Complaint, documents that may appropriately be judicially noticed, or facts that may be considered under a factual attack under a motion to dismiss for lack of subject-matter jurisdiction, and are accepted as true for the purposes of this motion only.

1.      Spencer Cox is the Governor of the State of Utah. He is the successor to Gary Herbert, who was Utah's Governor from 2009 until January 4, 2021.[1]

---

[1] Pl.'s Compl. ¶ 15.

2.      SITLA is the Utah state entity established to manage lands that Congress granted to Utah for the support of common schools and other beneficiaries.[2]

3.      The Utah Legislature created SITLA in 1994 as an independent agency and not a division of any other department of the State.[3]

4.      SITLA administers the land it holds in trust for the exclusive benefit of the trust beneficiaries. It is charged with managing the lands in the most prudent and profitable manner possible. In doing so, SITLA must consider the interests of both income for current beneficiaries and the preservation of assets for future beneficiaries. [4]

5.      SITLA's Board of Trustees establishes policies for SITLA's management,[5] selects SITLA's director,[6] and has "liberal" authority "to faithfully fulfill the state's obligations to the trust beneficiaries."[7]

---

[2] Utah Code § 53C-1-103(1)(a).
[3] *Id.* § 53C-1-102(1)(a).
[4] *Id.* § 53C-1-102(2).
[5] *Id.* § 53C-1-204(1).
[6] *Id.* § 53C-1-201(4).
[7] *Id.* § 53C-1-102(3).

6.      SITLA's Director establishes criteria for the sale or exchange of SITLA's properties,[8] advertises proposed sales, approves subdivision of SITLA's properties, issues certificates of sale, and has the authority to pursue available remedies if a buyer defaults.[9]

7.      The Governor has authority to appoint six of seven members of SITLA's Board (subject to Utah Senate confirmation)[10] from nominations submitted by a nominating committee, and may appoint one member without requiring a nomination list.[11] Five members of the nominating committee are appointed by the Governor, five members of the nominating committee are appointed by the Utah State Board of Education, and one member of the Utah Association of Counties serves on the committee.[12] The Governor provides his consent to the selection of SITLA's Director,[13] and may petition the Board to have the Director removed.[14]  The Governor may "participate in efforts and initiatives"

---

[8] *Id.* § 53C-4-101(1).
[9] *Id.* § 53C-4-102(2), (3), (6), (8).
[10] *Id.* § 53C-1-202(2).
[11] *Id.* § 53C-1-202(4), (5).
[12] *Id.* § 53C-1-203(2).
[13] *Id.* § 53C-1-201(4).
[14] *Id.* § 53C-1-301(5)(b).

related to SITLA inholdings with the Board's consent,[15] and the Governor, or his designee, issues patents to purchasers of SITLA land, as determined by SITLA's director.[16]  The Governor has no other responsibilities over SITLA's management of or sales of properties.

8.      The only allegations the Tribe makes against Governor Cox in the Complaint are that he is the "State of Utah's chief executive officer," is "responsible for implementing state laws and overseeing the operation of the State's executive branch," and is generally "responsible for ensuring that the State of Utah complies with federal laws and [is] responsible for violations of that duty to comply with federal laws."[17]

9.      The Tribe brought this action on its own behalf and on behalf of its members, asserting parens patriae status.[18]

10.      This suit involves land north of Highway 40, south of Tabiona, and north of Fruitland, Utah. It is referred to throughout the Complaint and as "Tabby Mountain."[19]

---

[15] *Id.* § 53C-4-101(2).
[16] *Id.* § 53C-4-102(7).
[17] Pl.'s Compl. ¶ 15.
[18] *Id.* ¶¶ 8-9.
[19] *Id.* ¶ 31.

11.     SITLA holds title to the surface of Tabby Mountain.[20]

12.     In December 2018 SITLA issued a public notice that it planned to sell Tabby Mountain.[21]

13.     On December 19, 2018, the Tribe expressed to SITLA its interest in bidding.[22]

14.     SITLA provided information regarding the bidding process, including notice that "All sales will be finalized on SITLA's standard certificate of sale."[23]

15.     The Tribe submitted its bid for Tabby Mountain in February 2019. DNR submitted its bid at about the same time.[24]

16.     Pursuant to SITLA's invitation, DNR submitted a revised bid on February 20 or 21, 2019.[25]

17.     On February 22, 2019, SITLA issued a press release, providing public notice that it had voted to suspend the Tabby Mountain sale.[26]

---

[20] *Id.* ¶ 42.
[21] *Id.* ¶ 60.
[22] *Id.* ¶ 61.
[23] *Id.* ¶¶ 67-71.
[24] *Id.* ¶¶ 72–73.
[25] *Id.* ¶¶ 85–88.
[26] *Id.* ¶ 93.

18.     As of the date of the complaint, SITLA has continued to hold the sale in a suspended state.[27]

## LEGAL STANDARD

Governor Cox and former Director Styler assert that the Tribe's state law claims are barred on the ground that the Tribe has failed to timely and properly file a Notice of Claim under the Governmental Immunity Act of Utah. Because the failure to file a notice of claim deprives the court of subject-matter jurisdiction over covered state-law claims, *Pinder v. Duchesne Cnty. Sheriff,* 2020 UT 68, ¶ 59, 478 P.3d 610, 623, these motions are adjudicated under Rule 12(b)(1). *See, e.g.*, *Osterkamp v. Salt Lake Cnty.*, No. 2:20-cv-00032-DAO, 2020 WL 5298866, at * 5–6 (D. Utah Sept. 4, 2020) (unpublished) (analyzing Utah Immunity Act defenses, including a defective notice of claim, under a Rule 12(b)(1) standard)).

Federal Rule of Civil Procedure 12(b)(1) permits dismissal of cases for "lack of subject-matter jurisdiction."  When a motion made pursuant to this rule is a "facial" attack on the claims as pleaded, the motion is reviewed applying the same standards as one made pursuant to Rule 12(b)(6).  *Muscogee (Creek) Nation v. Okla. Tax Comm'n*, 611 F.3d 1222, 1227 n.1 (10th Cir. 2010).  Under a "factual"

---

[27] *Id.* ¶ 108.

10

attack of subject-matter jurisdiction, the Court may accept evidence, "weigh evidence and make factual findings" without having to convert the motion to one for summary judgment. *Los Alamos Study Grp. v. U.S. Dep't of Energy*, 692 F.3d 1057, 1064–65 (10th Cir. 2012); *see also Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995).

Governor Cox and former Director Styler bring their remaining challenges to the Tribe's Complaint under Rule 12(b)(6).  In reviewing a 12(b)(6) motion, a court assumes the truth of well-pleaded facts and draws reasonable inference in a light most favorable to the plaintiff. *E.g.*, *Leverington v. City of Colo. Springs*, 643 F.3d 719, 723 (10th Cir. 2011).  But a claim survives only if "there is plausibility in the complaint." *Hall v. Witteman*, 584 F.3d 859, 863 (10th Cir. 2009) (citations and quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Threadbare recitals of elements, facts "merely consistent" with liability, "labels and conclusions," or "unadorned, the-defendant-unlawfully-harmed me accusation[s]" are insufficient. *Iqbal*, 556 U.S. at 678; *Leverington*, 643 F.3d at 723 (quoting *Bell Atl. Corp. v. Twombly*,

11

550 U.S. 544, 555 (2007)); *Gee v. Pacheco,* 627 F.3d 1178, 1184–85 (10th Cir. 2010) (citations and quotations omitted); *Hall,* 584 F.3d at 863 (citations and quotations omitted).

In reviewing a motion to dismiss, the Court may rely on the facts as alleged in the complaint, but may also rely on all documents adopted by reference in the complaint, documents attached to the complaint, or facts that may be judicially noticed. *See* Fed. R. Civ. P. 10(c); *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322–23 (2007); *Hall v. Bellmon,* 935 F.2d 1106, 1112 (10th Cir. 1991).

## LEGAL ARGUMENT

The Tribe's complaint is deficient, both as to Governor Cox and former Director Styler, and as to the federal and state legal claims they assert.

Because the Tribe simply asserts all claims (except for Count V, the contractual claims brought against SITLA) against "all Defendants," it is difficult to parse which claims are actually being brought against Governor Cox and former director Styler, and under which capacity they seek to sue them. Governor Cox and former Director Styler thus assume that the Tribe intends to sue them in both their official and individual capacities.  But the Tribe cannot succeed against either defendant in either capacity, as the Tribe has not alleged facts sufficient to

12

hold either defendant personally liable for money damages, and neither defendant is responsible for enforcement of the law such that they can be sued in their official capacities for injunctive relief under the doctrine of *Ex parte Young.*

The Tribe's federal claims are substantively deficient. They are barred by the relevant statutes of limitations.  The Tribe is not a "person" who may bring § 1983 claims against individual state defendants, and the Tribe's Title VI claims cannot be brought against individuals.

The Tribe's state claims are also barred by the Governmental Immunity Act's Notice of Claim and substantive provisions.

Accordingly, all claims should be dismissed against both Governor Cox and former Director Styler, with prejudice.

### 1. All claims should be dismissed against Governor Cox.

First, all claims should be dismissed against Governor Cox, regardless of whether those claims are brought against Governor Cox in his official or individual capacity.

"Individual capacity 'suits seek to impose personal liability upon a government official for actions he takes under color of state law.'" *Brown v. Montoya*, 662 F.3d 1152, 1163 n.8 (quoting *Kentucky v. Graham*, 473 U.S. 159,

13

165(1985)). Official capacity suits, in contrast, are suits "'against the official's office.'" *id.* (quoting *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989)). Governor Cox is not an appropriate defendant under either scenario.

### 1.1. The Tribe does not state a plausible claim against Governor Cox in his individual capacity.

To state a plausible claim against a State official in their individual capacity, a plaintiff "must plead that each Government-official defendant, through the official's own actions, has violated the constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). That is because a State official is not "liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior.*" *Id.*

Therefore, the complaint must "make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249–50 (10th Cir. 2008) (emphasis in original). "[C]ollective allegations," such as grouping government-official defendants in a "single allegation," are insufficient, because they "fail[] to isolate the allegedly unconstitutional acts of" the government defendants. *Brown v. Montoya*, 662 F.3d 1152, 1165 (10th Cir. 2011) (citations and quotations omitted).

14

In this case, the Tribe makes no allegations against Governor Cox except that he is the "State of Utah's chief executive officer" is "responsible for implementing state laws and overseeing the operation of the State's executive branch" and is generally "responsible for ensuring that the State of Utah complies with federal laws and [is] responsible for violations of that duty to comply with federal laws."[28] The Tribe even concedes that Governor Cox was not Utah's Governor at the time of the allegedly wrongful acts.[29]  If Governor Cox was not in office at the time of the allegedly unlawful acts, there is no way he, through his "own actions, violated" state or federal law. *Iqbal,* 556 U.S. at 676. Accordingly, the Tribe does not, and cannot, state a claim against Governor Cox in his individual capacity.[30]

### 1.2.    The Tribe does not state a plausible claim against Governor Cox in his official capacity.

---

[28] Pl.'s Compl. ¶ 15.

[29] Pl.'s Compl. ¶ 15; *cf. id.* ¶¶ 60–93.

[30] Though the discussion in *Iqbal* was focused on individual capacity, federal constitutional claims, the logic would hold true to claims under state law.  The Tribe is still required to present facts stating a plausible claim for relief—pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. The Tribe has failed to do so as to the state law claims, including absolutely no factual content against Governor Cox at all.

To the extent that the Tribe's claims against Governor Cox are in his official capacity, they should still be dismissed.

As a threshold issue, claims for money damages may not be brought against Governor Cox in his official capacity, as they are treated as suits against the state, *Will*, 491 U.S. at 71, as § 1983 damages claims cannot be brought against a state because they are not "persons" subject to suit under § 1983, *id.,* and are barred by the doctrine of sovereign immunity. *Alden v. Maine*, 527 U.S. 706, 713 (1999).[31]

Official-capacity suits against a State official are appropriate, however, "if the complaint alleges an ongoing violation of federal law and the plaintiff seeks only prospective relief." *Hendrickson v. AFSCME*, 992 F.3d 950, 965 (10th Cir. 2021) (citing *Ex parte Young*, 209 U.S. 123, 159–60 (1908)). But a plaintiff cannot sue just any public official. To be an appropriate party, the state official "must have some connection with the enforcement" of the challenged statute." *Ex parte Young*, 209 U.S. at 157. There does not need to be a "special connection" with the unconstitutional act or conduct, but the state official must "have a particular duty to 'enforce'" the questioned governmental action "and a

---

[31] Plaintiffs' state-law claims are also barred by sovereign immunity, Utah Code § 63G-7-101(3), -202(2), and substantively under the Governmental Immunity Act of Utah, *see* § 4.3, *infra.*

16

demonstrated willingness to exercise that duty." *Hendrickson,* 992 F.3d at 965.

"The duty must be more than a mere general duty to enforce the law." *Id.*

(quoting 13 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3524.3 (3d ed., Oct. 2020 update)).

In this case, the Governor is not an appropriate defendant in his official capacity under the *Ex parte Young* doctrine.  While the Governor has some role in appointing SITLA's Board of Trustees[32] and approving SITLA's Director, [33] "participate in efforts and initiatives" related to SITLA inholdings with the Board's consent,[34]  he has no role in the sales, transfers, or exchanges of SITLA's properties. Those responsibilities all fall with SITLA and its Director. [35]

Furthermore, the Governor, or his designee, issues patents to purchasers of SITLA land, as determined by SITLA's director.[36]  But this case is not about a completed sale, where the fault is an inability to provide a patent as required by law.  It's a case about forcing a sale that was not completed.  Therefore, none of

---

[32] Utah Code §§ 53C-1-202(2), (4), (5), -203(2).
[33] *Id.* § 53C-1-201(4), (5)(b).
[34] *Id.* § 53C-4-101(2).
[35] *Id.* §§ 53C-4-101(1), -102(2), (3), (6), (8).
[36] *Id.* § 53C-4-102(7).

the Governor's statutorily imposed obligations regarding SITLA or its management

or operations are implicated by the Tribe's complaint.

Most tellingly, the Tribe has not pleaded that the Governor has any

connection with the enforcement of the action in this case, beyond a "general duty

to enforce the law." *Hendrickson,* 992 F.3d at 965. The Tribe alleges only that

Governor Cox is responsible for implementing state laws and ensuring that the

State complies with federal laws.[37]  This is insufficient, especially since Utah law

provides that SITLA, its Board, and its Director are provided with "liberal"

authority to sell and transfer properties based on the best interest of the trust and

its beneficiaries. [38] *See Hendrickson,* 992 F.3d at 968 (distinguishing previous

Tenth Circuit authority allowing a state governor and attorney general to be sued

under *Ex parte Young* when they had "primary responsibility for the enforcement

of the laws of the state" because the statute at issue vested authority outside the

scope of the governor and attorney general's enforcement powers."); *accord Free*

*Speech Coal., Inc. v. Anderson*, ___ F. Supp. 3d ___, 2023 WL 4899509, at * 2 (D.

Utah. Aug, 1, 2023), *appeal filed* ____ (dismissing the attorney general from an

---

[37] Pl.'s Compl. ¶ 15.
[38] Utah Code § 53C-1-102(3).

18

*Ex parte Young* suit challenging the enforcement of S.B. 287, which creates only a

private right of action of enforcement).

The Governor has no direct enforcement responsibility in this action. The

Court cannot order the Governor to complete "specific performance of the

contract,"[39] or issue similar injunctive relief to compel the sale of Tabby Mountain

to the Tribe.[40] Accordingly, any claim against him in his official capacity should be

dismissed.

2. **Claims against former Director Styler should be dismissed.**

In the same way, claims against former Director Styler should be dismissed,

regardless of whether the claims are brought against Styler in his individual or

official capacities.

2.1. **The Tribe does not state a plausible claim against former
Director Styler in his individual capacity.**

For the same reasons that the claims against Governor Cox in his individual

capacity should be dismissed, the claims against former Director Styler in his

individual capacity should be also dismissed. The Tribe's only allegations against

former Director Styler are that he "was the Director of DNR" during the relevant

---

[39] Pl.'s Compl. Wherefore Clause ¶ 2.
[40] Pl.'s Compl. ¶¶ 148–151.

19

time period and that he "took actions related to this matter under color of law."[41]

Former Director Styler gets implicitly lumped in with other "defendants"

throughout the Tribe's complaint, but those "collective allegations" are

insufficient.  *Brown*, 662 F.3d at 1165. And simple conclusory statements, such as

that "defendants" engaged in "conspire[acy],"[42] are "bare assertions …

amount[ing] to nothing more than a 'formulaic recitation of the elements" of the

claim, which do not state a plausible claim. *Iqbal*, 556 U.S. at 680–81.

There are no individualized, non-conclusory allegations against former

Director Styler.  As such, the Tribe has not asserted a plausible claim for relief

against him in his individual capacity.  The case against him should be dismissed.

### 2.2.   The Tribe does not state a plausible claim against former Director Styler in his official capacity.

Finally, the Tribe does not state a plausible claim against former Director

Syler in his official capacity.  As a starting point, the Tribe cannot state a claim

against former Director Styler because he is *former* Director Styler.  He has no

current governmental position that the Court could enjoin.

---

[41] *Id.* ¶ 13.
[42] E.g., *Id.* ¶ 80.

20

Further, the Tribe has not pleaded that the position of Executive Director of the Department of Natural Resources has "some connection with the enforcement" of the action at issue. *Ex parte Young*, 209 U.S. at 157. DNR was a bidder on Tabby Mountain; it cannot be forced to sell a property it doesn't have. Therefore, a claim against former Director Styler, or his successor, in his official capacity, must be dismissed. [43]

### 3. The Tribe's federal claims should be dismissed.

Not only should the Complaint be dismissed as to Governor Cox and former Director Styler because they are not proper defendants, but the claims of the Complaint should also be dismissed because they fail to state plausible claims.

The Plaintiff's federal law claims, substantively collapsed into Count I of Plaintiff's complaint, with follow-on remedies in Count II and a conspiracy claim contained Count III, should be dismissed.  The Tribe's federal claims are barred by the relevant statutes of limitations. Its § 1983 claims in Count I are not cognizable

---

[43] The Tribe listed, under the "Parties" section of the Complaint, the current DNR Executive Director Joel Ferry.  (Pl.'s Compl. ¶ 14.)  Director Ferry was not named in the caption.  No summonses were issued for Director Ferry (*see* docs. 3-7).  No waivers of service were executed on his behalf. Thus, Director Ferry is not currently a defendant in this case.  However, if Tribe simply committed a scrivener's error in drafting their complaint, or if the Tribe expects a substitution of Director Ferry for former Director Styler, *see* Fed. R. Civ. P. 25(d) and is seeking to name the current Executive Director of DNR in his official capacity, that claims should be dismissed.

because the Tribe is not a "person" who may bring § 1983 claims.  Its Title VI

claims cannot be brought against individuals. And its equal protection (and due

process)[44] claims are subject to dismissal on the merits for failure to allege

sufficient facts of invidious discrimination.

### 3.1.   The Tribe's federal claims are barred by the relevant statutes of limitations.

For the reasons stated by SITLA in its Motion to Dismiss, *see* SITLA's Mot.

to Dismiss § 4, and which are incorporated herein, DUCivR 7-1(a)(7), the Tribe's

§ 1981–1985 and Title VI claims are barred by the relevant four-year statute of

limitations.  *See Fratus v. Deland*, 49 F.3d 673, 675 (10th Cir. 1995); *Levy v. Kan.

Dep't of Soc. & Rehab. Servs.*, 789 F.3d 1164, 1171–73 (10th Cir. 2015) (holding

state's personal injury statute of limitations applies to Title VI claims); *Brown v.

Unified Sch. Dist. 501*, 465 F.3d 1184, 1188 (10th Cir. 2006) ("The forum state's

statute of limitations for personal injury actions governs civil rights claims under

both 42 U.S.C. § 1981 and § 1983); *Lyons v. Kyner*, No. 09-3308, 367 F. App'x

878, 881–82 (10th Cir. Feb. 10, 2010) (unpublished).

---

[44] The Tribe mentions Due Process in its header to Count I, but makes no allegations
about any substantive or procedural due process rights.

### 3.2.   The Tribe cannot bring § 1983 claims because it is not a "person" under § 1983.

For the reasons stated by SITLA in its Motion to Dismiss, *see* SITLA's Mot. to Dismiss § 1.1, and which are incorporated herein, DUCivR 7-1(a)(7), the Tribe cannot bring § 1983 claims (and the derivative[45] claims under §§ 1981, 1982, and 1985) because it is not a "person" or "citizen" protected by § 1983. *Inyo Cnty. v. Paiute-Shoshone Indians*, 538 U.S. 701, 711–12 (2003); *Muscogee (Creek) Nation v. Okla. Tax Comm'n*, 611 F.3d 1222, 1234–36 (10th Cir. 2010).

### 3.3.   The Tribe cannot bring Title VI claims against individuals.

The Tribe cannot bring its Title VI claims against Governor Cox or former Director Styler because Title VI, which is spending clause legislation, cannot be enforced against governmental officials.

Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." *Id.* A "program or activity" includes "(A) a department,

---

[45] *See* Pl.'s Compl. ¶ 128 (recognizing that the Tribe's § 1981 and § 1982 claims "may be brought in a federal forum *via* … § 1983) (emphasis added).

agency, special purpose district, or other instrumentality of a State or of a local government; or (B) the entity of such State or local government that distributes such assistance… ." 42 U.S.C. § 2000d-4a.

The Supreme Court has implied a private right of action, in certain circumstances, that allows individual plaintiffs to sue for damages or injunctive relief under Title VI. *Alexander v. Sandoval*, 532 U.S. 275, 279–80 (2001). But there is no right of action under Title VI against government officials in their individual capacities. "[B]ecause the statute is based on [Congress's] spending power," and because Title VI prohibits discrimination in a "program or activity," individual liability is incompatible with the implied right of action. *Shotz v. City of Plantation, Fla.*, 344 F.3d 1161, 1169-70 (11th Cir. 2003); *accord Webb v. Swensen*, 663 F. App'x 609, 613 (10th Cir. 2016) (unpublished) (noting that, because employees of government agencies are not "recipients of federal funding," they cannot be liable for a Title VI violation). Because it is "beyond question … that individuals are not liable under Title VI," *Shotz*, 344 F.3d at

1171, the claim should be dismissed against Governor Cox former Director Styler.[46]

### 3.4. The Tribe's federal claims are subject to dismissal for failure to allege invidious discrimination.

Finally, the Court should dismiss the Tribe's federal claims because the Tribe has not alleged any facts—much less any facts against Governor Cox or former Director Styler—tending to show invidious discrimination.

Claims brought under the equal protection clause must include allegations that a government official engaged in intentional discrimination on the basis of a protected class. *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 265, (1977). Similarly, "Title VI itself directly reaches only instances of intentional discrimination." *Alexander v. Sandoval*, 532 U.S. 275, 281 (2001) (quoting *Alexander v. Choate*, 469 U.S. 287, 293 (1985)) (alterations in *Sandoval* omitted). The Tribe has not alleged any facts demonstrating any intentional discrimination or animus on the part Governor Cox or former Director Styler. The

---

[46] To the extent the claim is brought against Governor Cox in his official capacity, the claim should be dismissed because the State itself cannot be considered a "program or activity" under Title VI, and therefore, plaintiff may not simply sue "the State" for an alleged Title VI violation. *See*, *e.g. Assoc. of Mexican–American Educators v. State of Cal.,* 195 F.3d 465 (9th Cir.1999), *rev'd in part on other grounds* 231 F.3d 572 (9th Cir. 2000) (en banc; *Comfort ex rel. Neumyer v. Lynn Sch.*, 131 F. Supp. 2d 253, 255 (D. Mass. 2001).

Tribe has not linked the allegedly wrongful actions taken at issue to any person's "race, color, or national origin." *Delbert v. Duncan*, 923 F. Supp. 2d 256, 261 (D.D.C. 2013). Rather, the Tribe makes unsupported, conclusory allegations that generic "Defendants" "have conspired," or that the decisions related to bidding or withdrawing the property were based on "animus." Rather than including any facts showing present-day discrimination, the Tribe alleges that animus from more than 115 years ago undertaken by federal, and not state officials "establishes a historical pattern of persistent racial animus" supporting its federal civil rights claims.[47] These conclusory allegations do not support the Tribe's civil rights complaints against any defendant, much less Governor Cox and former Director Styler, and can therefore be dismissed on their merits. *Iqbal*, 556 U.S. at 677.

### 4. The Tribe's state law claims should be dismissed.

Finally, the Tribe's state law claims against Governor Cox and former Director Styler should be dismissed.  They should be dismissed because the Tribe failed to file a Notice of Claim as required by the Governmental Immunity Act of Utah. They should be dismissed because they are untimely and barred by the relevant statute of limitations. They should be dismissed because they are

---

[47] Pl.'s Compl. ¶¶ 35–37.

substantively barred by the Immunity Act.  And they should be dismissed because they are insufficiently pleaded.

### 4.1.   The Tribe's failure to file a notice of claim bars their state law claims.

The Tribe, "having a claim against a governmental entity, or against the governmental entity's employee for an act or omission occurring during the performance of the employee's duties," must file a notice of claim within one year after the claim arose.  Utah Code §§ 63G-7-401, -402.  A notice of claim is required when suing government officials "regardless of whether or not the function giving rise to the claim is characterized as governmental." *Id.* § 63G-7-401(2); *see also Winegar v. Springville City*, 2018 UT App 42, ¶¶ 31–32, 424 P.3d 1006, 1013. The Immunity Act "'demands strict compliance' with notice of claim delivery requirements." *McGraw v. Univ. of Utah*, 2019 UT App 144, ¶ 18, 449 P.3d 943, 947.

For the reasons stated by SITLA in its Motion to Dismiss, *see* SITLA's Mot. to Dismiss § 1.1, and which are incorporated herein, DUCivR 7-1(a)(7), the Tribe's state law claims against Governor Cox and former Director Styler are barred because the Tribe failed to file a notice of claim. The Tribe did not file any notice of claim, much less one naming Governor Cox or former Director Styler.

27

*See Winegar*, 2018 UT App 42, at ¶ 32, 424 P.3d at 1013 (affirming dismissal of a claim against individual governmental employees because they were not named in the notice of claim). Accordingly, the Court lacks subject-matter jurisdiction over the claims and they should be dismissed.

**4.2.   Utah's statute of limitations bars the Tribe's state law claims.**

The Tribe's state-law tort claims are barred by the statute of limitations contained in the Immunity Act.

The immunity Act includes a "statute of limitations for instituting an action in the district court against the government." *Craig v. Provo City*, 2016 UT 40, ¶ 16, 389 P.3d 423, 426 (cleaned up; citations and quotations omitted).  The Immunity Act's "comprehensive" scheme "governing all claims against governmental entities or against their employees" supplants general statutes of limitations against private individuals.  *Peak Alarm Co. v. Werner*, 2013 UT 8, ¶ 26, 297 P.3d 592.

As currently drafted,[48] Utah Code § 63-7-403 provides that, subject to an exception not applicable in this case, "a claimant shall commence the action with

---

[48] The version of the Immunity Act in effect in February 2019 used a slightly different mechanism to calculate the statute of limitations—one year after the filing of a notice of

two years after the claim arises, regardless of whether or not the function giving rise to the claim is characterized as governmental." Utah Code § 63G-7-403(2)(b).

For the reasons stated by SITLA in its Motion to Dismiss, *see* SITLA's Mot. to Dismiss § 4, and which are incorporated herein, DUCivR 7-1(a)(7), the Tribe knew or should have known of its state-law claims no later than February 22, 2019, when SITLA issued its press release providing public notice that it had suspended the sale of Tabby Mountain.  It therefore was required to file its state law claims no later than 2021.  Instead, it filed in 2023.  Its state law claims are thus barred.

### 4.3.   The Immunity Act substantively bars the Tribe's claims.

Notwithstanding the Tribe's failure to file a notice of claim, the Tribe's state-law claims should be dismissed because they are substantively barred by the Immunity Act.

The Governmental Immunity Act of Utah, Utah Code Title 63G, Chapter 7, "governs all claims against governmental entities or against their employees or agents arising out of the performance of the employee's duties, within the scope

---

claim (which still had to be filed within one year of the incident).  *See* 2019 Utah Laws Ch. 229 (H.B. 311), § 4. The result is the same regardless.

of employment, or under color of authority." Utah Code § 63G-7-101. It applies to any acts that "occur[] during the performance of an employee's duties, within the scope of employment, or under color of authority…." *Id.* § 63G-7-202(3)(a).

The Immunity Act provides immunity to "each governmental entity and each employee of a governmental employee "from suit for any injury that results from the exercise of a governmental function" unless immunity is expressly waived. *Id.* § 63G-7-201(1).

Immunity for the Tribe's state tort claims is not waived. The Act reserves immunity for any claim if the injury "arises out of or in connection with, or results from" among other things, the "abuse of process … interference with contract rights … or violation of civil rights …." *Id.* § 63G-5-201(4)(b). An injury "arises out of or in connection with, or results from" something when "(a) there is some causal relationship between the conduct or condition and the injury; (b) the causal relationship is more than any causal connection but less than proximate cause; and (c) the causal relationship is sufficient to conclude that the injury originates with, flows from, or is incident to the conduct or condition." Utah Code § 63G-6-102(1).

30

The Tribe's alleged injury "originates with, flows from, or is incident to" the alleged interference with contractual rights, violation of civil rights, or abuse of process. Accordingly, the Immunity Act substantively bars the Tribe's tort claims.

### 4.4.   The Tribe's state law claims are improperly pleaded.

For the reasons stated by SITLA in its Motion to Dismiss, *see* SITLA's Mot. to Dismiss § 3.2, and which are incorporated herein, DUCivR 7-1(a)(7), the Tribe's fraud claims have not been pleaded with particularity and must be dismissed.

In addition, the Tribe has not pleaded any facts stating plausible claims against Governor Cox or former Director Styler.  *See Iqbal* 556 U.S. at 676.

**CONCLUSION**

For the reasons stated above, the Court should dismiss the Tribe's Complaint with prejudice.

Respectfully submitted on this 28th day of August 2023,

> OFFICE OF THE UTAH ATTORNEY GENERAL
>
> */s/Kyle J. Kaiser*
> KYLE J. KAISER
> Assistant Utah Attorney General

31

## WORD COUNT CERTIFICATION

Under DUCivR 7-1(a)(5)(C), I certify that this Motion to Dismiss contains

**6132** words and complies with DUCivR 7-1(a)(4).

OFFICE OF THE UTAH ATTORNEY GENERAL


*/s/Kyle J. Kaiser*
KYLE J. KAISER
Assistant Utah Attorney General

32