KYLE J. KAISER (13924)
Assistant Utah Attorney General
SEAN D. REYES (7969)
Utah Attorney General
160 East 300 South, Sixth Floor
P.O. Box 140856
Salt Lake City, Utah 84114-0856
Telephone: (801) 366-0100
email: kkaiser@agutah.gov


*Attorney for Defendants Spencer Cox and Michael Styler*

UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UTE INDIAN TRIBE OF THE UINTAH AND OURAY INDIAN RESERVATION, a federally recognized Indian Tribe,<br><br>              Plaintiff(s),<br><br>v.<br><br>DAVID URE, MICHELLE MCCONKIE, MICHAEL STYLER, SPENCER COX, UTAH SCHOOL AND INSTITUTIONAL TRUST LANDS ADMINISTRATION,<br><br>              Defendant(s). | **GOVERNOR COX AND FORMER DIRECTOR STYLER'S REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS**<br><br>Case No. 2:23-CV-295-DBB-CMM<br><br>Judge David B. Barlow<br>Magistrate Judge Cecilia M. Romero |

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................................ 1

LEGAL ARGUMENT ...................................................................................................... 1

1.    All claims should be dismissed against Governor Cox: ..................................... 1

    1.1.    In his individual capacity--- ....................................................................... 1

    1.2.    In his official capacity— ............................................................................ 3

2.    All claims against former Director Styler should be dismissed: .......................... 7

    2.1.    In his individual capacity. .......................................................................... 7

    2.2.    In his official capacity. .............................................................................. 8

3.    The Tribe's federal claims should be dismissed. ................................................. 8

    3.1.    The Tribe's federal claims are barred by the relevant statutes of limitations. 8

    3.2.    The Tribe cannot bring § 1983 claims because it is not a "person" under §
          1983. ......................................................................................................... 9

    3.3.    The Tribe cannot bring Title VI claims against individuals. .......................... 9

    3.4.    The Tribe's federal claims are subject to dismissal for failure to allege
          invidious discrimination. .......................................................................... 12

4.    The Tribe's state law claims should be dismissed. ............................................ 13

    4.1.    The Tribe's failure to file a notice of claim bars their state law claims. ........ 14

    4.2.    The Immunity Act substantively bars the Tribe's claims. ............................ 14

    4.3.    The Tribe's state law claims are improperly pleaded. ................................. 15

CONCLUSION ............................................................................................................. 16

WORD COUNT CERTIFICATION ................................................................................. 17

# TABLE OF AUTHORITIES

Page(s)

Cases

*Alexander v. Sandoval,*
    532 U.S. 275 (2001) ...................................................................... 10

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) .......................................................... 1, 6, 7, 13

*Barker v. Cragun,*
    No. 1:18-cv-60-JNP-CMR, 2020 WL 2744640 (D. Utah. May 27, 2020) ........... 3

*Bledsoe v. Carreno,*
    53 F.4th 589 (10th Cir. 2022) ........................................................ 15

*Brown v. Montoya,*
    662 F.3d 1152 (10th Cir. 2011) ...................................................... 3

*Craig v. Provo City,*
    2016 UT 40, 389 P.3d 423 .............................................................. 14

*Datto v. Harrison,*
    664 F. Supp. 2d 472 (E.D. Pa. 2009) ................................................ 11

*David v. Midway City,*
    No. 2:20-CV-00066-DBP, 2021 WL 6927739 (D. Utah Dec. 14, 2021) ........... 14

*Drawsand v. F.F. Props., L.L.P.,*
    866 F. Supp. 2d 1110 (N.D. Cal. 2011) ............................................. 12

*Gonzalez v. Feinerman,*
    663 F.3d 311 (7th 2011) ................................................................ 4

*Hendrickson v. AFSCME Council 18,*
    992 F.3d 950 (10th Cir. 2021) .................................................. 3, 4, 7

*N.M. Counsel 18, Local 2499, AFL-CIO v. Bd. of Cnty. Comm'rs,*
  490 F. Supp. 3d 1371 (D.N.M. 2020)................................................................ 16

*Parkell v. Danberg,*
  833 F.3d 313 (3d Cir. 2016) ................................................................................. 5

*Patterson v. MacDougall,*
  506 F.2d 1 (5th Cir. 1975) ................................................................................... 5

*Pouncil v. Tilton,*
  704 F.3d 568 (9th Cir. 2012) ............................................................................... 5

*Powers v. CSX Transp., Inc.,*
  105 F. Supp. 2d 1295 (S.D. Ala. 2000) ............................................................. 10

*Prisbry v. Barnes,*
  No. 2:17-cv-00723-DN-PMW, 2018 WL 1508559 (D. Utah. March 27, 2018) ... 3

*Rodgers v. Univ. of Mo. Bd. of Curators,*
  56 F. Supp. 3d 1037 (E.D. Mo. 2014) ............................................................... 12

*SECSYS, LLC v. Vigil,*
  666 F. 3d 678 .................................................................................................... 12

*Serna v. Colo. Dep't of,*
  Corrs., 455 F.3d 1146 (10th Cir. 2006) .............................................................. 2

*Shotz v. City of Plantation, Fla.,*
  344 F.3d 1161 (11th Cir. 2003) ......................................................................... 11

*Webb v. Swensen,*
  663 F. App'x 609 (10th Cir. 2016) ............................................................... 11, 12

*Will v. Mich. Dept. of State Police,*
  491 U.S. 58 (1989) .............................................................................................. 2

Statutes

42 U.S.C. § 2000d ............................................................................................ 9, 10

42 U.S.C. § 2000d-4a ................................................................ 10

Utah Code § 63E-1-102(4)(a)(i), (b)(vi) ............................... 5

Utah Code § 63G-7-403 ......................................................... 14

Utah Code §§ 53C-4-101(1) .................................................... 5

Utah Code §§ 63G-7-201(1) ............................................ 14, 15

Utah Const. Art VII, § 5 .......................................................... 5

**INTRODUCTION**

Governor Spencer Cox and former Utah Department of Natural Resources Director Michael Styler are not appropriate defendants in this lawsuit brought by the Ute Indian Tribe. The claims brought by the Tribe are not properly pleaded and are legally insufficient. And the state law claims are barred by the Governmental Immunity Act of Utah. Nothing in the Tribe's Memorandum in Opposition[1] (or in opposition to the other motions to dismiss filed in this case) changes those conclusions.

**LEGAL ARGUMENT**

**1. All claims should be dismissed against Governor Cox:**

    **1.1.  In his individual capacity---**

        **1.1.1. For his own actions.**

The Tribe states no facts showing that Governor Cox personally participated in any unconstitutional act to name him as a defendant in his individual capacity. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Any individual-capacity claims based on his personal involvement must be dismissed. *Id.*

---

[1] Resp. in Opp. to Mot. to Dismiss by Governor Cox & Former Director Styler (doc. 39) ("Pl.'s Opp.").

1

### 1.1.2. As a general supervisor of the executive branch.

The Tribe argues that they have stated a claim because the Governor has "some connection … with making sure that Executive Branch officers comply with" state statutes and "state and federal anti-discrimination laws."[2] That is simply insufficient to hold Governor Cox personally liable for any alleged money damages.

Supervisors are liable only "for their own culpable involvement of a person's constitutional rights." *Serna v. Colo. Dep't of Corrs.*, 455 F.3d 1146, 1152 (10th Cir. 2006). To make out such a claim, there must be an underlying violation and an "affirmative link between the supervisor and the violation, namely the active participation or acquiescence of the supervisor in the constitutional violation by the subordinates." *Id.* A supervisor's liability must be based "more than a mere right to control employees." *Id.* at 1153 (citations and quotations omitted). The Tribe's complaint contains no allegations of personal participation beyond a simple right to control SITLA or DNR employees.[3] It makes allegations against "the Executive Branch," but these undifferentiated conclusory statements

---

[2] Pl.'s Opp. at 3–4.
[3] *Id.*

cannot establish liability, and suing the Governor is simply an end-run around the bar prohibiting State liability in civil rights actions. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989); *Brown v. Montoya*, 662 F.3d 1152, 1165 (10th Cir. 2011).

Judges from this Court regularly dismiss the Utah Governor from civil-rights lawsuits based on actions taken by Utah State employees. *See Barker v. Cragun,* No. 1:18-cv-60-JNP-CMR, 2020 WL 2744640, at *6 (D. Utah. May 27, 2020) (unpublished) (dismissing Governor Herbert from constitutional claims related to employment by Utah DEQ); *Prisbry v. Barnes*, No. 2:17-cv-00723-DN-PMW, 2018 WL 1508559, at *2–3 (D. Utah. March 27, 2018) (unpublished) (dismissing Governor Herbert when plaintiff alleged that he failed to properly train and supervise Utah district court judges). It should do so here.

### 1.2. In his official capacity—

Likewise, Governor Cox cannot be sued in his official capacity (for injunctive relief only) because he has no general supervisory authority over SITLA and no connection to the challenged actions of unnamed DNR officials beyond a general obligation to enforce the law, to subject him to liability as a defendant. *See Hendrickson v. AFSCME Council 18,* 992 F.3d 950 (10th Cir. 2021).

The Tribe argues that *Hendrickson* is distinguishable, stating that the case is "solely related to claims for money damages."[4]  That is incorrect.  In *Hendrickson*, a union member challenged, among other things, New Mexico's law that required a certified labor organization to be the exclusive bargaining representative for New Mexico workers.  *Id.* at 954, 956.  He "sought a declaration" that the law was unconstitutional and named the Governor and Attorney General "in their official capacities."  *Id.* at 956, 965.  The Tenth Circuit analyzed whether the Governor and Attorney General were proper parties and concluded that, because neither official enforced the statute, they did not fall within *Ex parte Young* and could not be sued for forward-looking declaratory relief.  *Id.* at 965.  *Hendrickson* is not "solely related to" money damages and is on-point authority for this case.

The contrary authority cited by the Tribe[5] is not applicable.  They are all out-of-circuit cases in which an inmate challenged a prison regulation in which a warden or other corrections executive either personally participated in executing, or admittedly was responsible for carrying out.  *See Gonzalez v. Feinerman*, 663

---

[4] Pl.'s Opp. at 3.
[5] Pl.'s Opp. at 3-4.

F.3d 311, 315 (7th 2011) (injunctive relief available against the warden because he "would be responsible for ensuring that any injunctive relief is carried out"); *Parkell v. Danberg*, 833 F.3d 313, 331–32 (3d Cir. 2016) (same); *Pouncil v. Tilton*, 704 F.3d 568, 576 (9th Cir. 2012) (same); *Patterson v. MacDougall*, 506 F.2d 1, 4 (5th Cir. 1975) (director of corrections "gave the order" placing plaintiff in allegedly unconstitutional segregation). The warden of a prison charged with executing specific policies is vastly different from the Governor of a State, generally charged with ensuring that "the laws are faithfully executed." Utah Const. Art VII, § 5, cl. 1.

### 1.2.1. As a general supervisor over SITLA.

The general supervisory duty pleaded by the Tribe cannot subject Governor Cox to suit, specifically for the actions of SITLA employees. SITLA is an "Independent State Agency" as defined in Utah law. Utah Code § 63E-1-102(4)(a)(i), (b)(vi). It is an entity "that is created by the state, but is independent of the governor's direct supervisory control." *Id.* § -102(5). The Governor has neither supervisory authority over SITLA's generally nor over its contracting authority—which is the subject of this suit. *Cf.* Utah Code §§ 53C-4-

[101(1)](#), -102(2), (3), (6), (8).  The Governor is not a proper defendant for the Tribe's requested injunctive relief against SITLA.

### 1.2.2. As a general supervisor over DNR.

Next, the Tribe argues that even if Governor Cox is not a proper defendant for the Tribe's claims against SITLA, he is a proper defendant for the claims against "the ro[gu]e DNR officers who worked hand in glove with SITLA."[6]  But the Tribe cites to no facts in the complaint showing that the Governor had any connection with these actions.

The Tribe is "disappoint[ed]" in the Governor's response, and that he is "responsible" for general allegations of discrimination by unnamed State officials.[7]  But this motion is not about policy or political "responsibility;" it is about whether a governor of a state can be haled into court, subject to litigation and discovery, and held legally liable for actions he was not alleged to undertake and programs in which he has no connection to.  *See Iqbal*, 556 U.S. at 685 ("Litigation … exacts heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of

---

[6] Pl.'s Opp. at 2.
[7] Pl.'s Opp. at 4.

the Government."). The Tribe's allegations are that the Governor knows about discrimination, is the top-level executive, and should do something about it. If that was sufficient, a top-level executive could be named every time that a subordinate violated or proposed to violate, the constitution or federal law. But that is not the law. *See id; see also Hendrickson*, 992 F.3d at 966.

All claims against Governor Cox, in his individual and official capacities, should be dismissed.

2. **All claims against former Director Styler should be dismissed:**

    2.1. **In his individual capacity.**

    As described in the original Memorandum, the Tribe has not made any factual allegations showing personal participation by former Director Styler to subject him to personal liability. The Tribe claims that "he and DNR were neck-deep in the ongoing conspiracy…."[8] These are "bare assertions" of collective allegations which do not state a plausible claim for relief. *Iqbal*, 556 U.S. at 680–81.

---

[8] Pl.'s Opp. at 5.

There are no individualized, non-conclusory allegations against former Director Styler individually or as a supervisor. Damages claims against him in his individual capacity should be dismissed.

### 2.2. In his official capacity.

Finally, the Tribe does not state a plausible claim against former Director Syler in his official capacity and makes no argument in its opposition to the contrary. For the reasons previously stated, any claims against former Director Styler should be dismissed.

### 3. The Tribe's federal claims should be dismissed.

The Tribe's federal claims should be dismissed because they are barred by the statute of limitations, because the Tribe is not a "person" subject to suit under § 1983, because a Title VI claim for damages cannot be brought against individuals, and because the Tribe has not properly pleaded its discrimination claims against Gov. Cox and former Director Syler.

### 3.1. The Tribe's federal claims are barred by the relevant statutes of limitations.

For the reasons stated by SITLA in its Motion to Dismiss and in Section VI.A of its Reply, and which are incorporated herein, DUCivR 7-1(a)(7), the Tribe's §§ 1981–1985 and Title VI claims are barred by the relevant four-year statute of

limitations.  For the reasons stated by SITLA in its Reply, the Court should reject

the Tribe's arguments that their claims have not yet accrued or that equitable

doctrines tolled the limitations period. *See id.*

### 3.2. The Tribe cannot bring § 1983 claims because it is not a "person" under § 1983.

For the reasons stated in Section I of Defendant Ure's Reply Memorandum,

and which are incorporated herein, DUCivR 7-1(a)(7), the Tribe's is not a

"person" who can bring §§ 1981–1985 claims. And, for the reasons stated Ure

Reply, the Court should reject the Tribe's attempt to characterize this suit as one

in which the Tribe is acting as *parens patriae.*

### 3.3. The Tribe cannot bring Title VI claims against individuals.[9]

The implied right of action under Title VI of the Civil Rights Act of 1964, 42

U.S.C. § 2000d, cannot be brought against individual defendants.  The Tribe

alleges that this argument is "undeveloped," and that Defendants seek dismissal

for "some unarticulated reason."[10] This is not the case.

---

[9] The Tribe alleges that Gov. Cox and Former Director Styler "acknowledged" that "claims for damages or injunctive relief can be brought against individuals under Title VI."  (Pl.'s Opp. at 6.)  No such acknowledgement exists.  Gov. Cox and Former Director Styler admitted that appropriate individuals can *bring* Title VI claims through an implied right of action, nothing more.  (Gov. Cox's MTD (doc. 25) § 3.3.)

[10] Pl.'s Opp. at 10.

To sum up the argument:

1) Title VI, enacted under Congress's Spending Clause authority, prohibits discrimination in a "program or activity" that receives "Federal financial assistance." 42 U.S.C. § 2000d. A "program or activity" includes "(A) a department, agency, special purpose district, or other instrumentality of a State or of a local government; or (B) the entity of such State or local government that distributes such assistance... ." 42 U.S.C. § 2000d-4a.

2) An implied right of action may exist for damages or injunctive relief if a "program or activity" engages in discrimination in violation of Title VI. *Alexander v. Sandoval*, 532 U.S. 275, 279–80 (2001).

3) But people aren't "programs" or "activities" that have received federal funding; they are *people*. They have not entered into a contract with the federal government for funds, and they are therefore not subject to the condition of non-discrimination in Title VI for those contracts for federal funds. *See Powers v. CSX Transp., Inc.*, 105 F. Supp. 2d 1295, 1312 (S.D. Ala. 2000).

4) Accordingly, the Tenth Circuit, and courts outside the Tenth Circuit, have held that "individual employees of such entities are not liable

under Title VI." *Webb v. Swensen*, 663 F. App'x 609, 613 (10th Cir. 2016) (unpublished) (citing supporting cases from the Fifth, Sixth, and Eleventh Circuits).  This conclusion is "beyond question." S*hotz v. City of Plantation, Fla.*, 344 F.3d 1161, 1171 (11th Cir. 2003).

In the face of this clear authority, the Tribe first attempts to distinguish *Shotz*.[11]  Its distinctions are not persuasive.

As the Tribe notes, the overall issue in *Shotz* is whether individuals could be held liable for retaliation under the Americans with Disabilities Act. *Id.* at 1163.  In so doing, however, the Eleventh Circuit carefully analyzed whether individuals could be liable under Title VI, concluding that they could not.  *Id.* at 1171.  It then compared the limited scope of liability in Title VI with *different* "duty-creating" language in the ADA to conclude that the ADA was different from Title VI, and individual liability for retaliation could exist. *Id.* at 1173–74.  The

---

[11] The Tribe asserts that counsel "made up" a quote from *Shotz*.  Pl.'s Opp. at 6.  Indeed, the phrase "[B]ecause the statute is based on [Congress's] spending power" does not appear in the *Shotz* opinion. Instead, it comes from another case, discussing *Shotz*'s rationale. *Datto v. Harrison*, 664 F. Supp. 2d 472, 492 (E.D. Pa. 2009) ("Courts have limited the scope of liability under Title VI to only entities actually receiving federal funds because the statute is based on the spending power." (citing *Shotz* and other cases).)  Counsel regrets the mis-citation and apologizes to the Court for the error. However, the remainder of the quotations—and the reasoning—from *Shotz* were accurately represented.

11

conclusion that Title VI does not create a cause of action against individuals, however, stands on its own, and has been cited by many courts for that legal issue. *E.g.*, *Webb*, 663 F. App'x at 613; *Rodgers v. Univ. of Mo. Bd. of Curators*, 56 F. Supp. 3d 1037 (E.D. Mo. 2014); *Drawsand v. F.F. Props., L.L.P.*, 866 F. Supp. 2d 1110, 1122 (N.D. Cal. 2011). The Tribe makes no attempt to distinguish or even address this authority.

A succinct argument is not an undeveloped one. This Court should dismiss the Title VI claims against Gov. Cox and Former Director Styler.

### 3.4. The Tribe's federal claims are subject to dismissal for failure to allege invidious discrimination.

The Court should dismiss the Tribe's federal claims because the Tribe has not alleged any facts—much less any facts against Governor Cox or former Director Styler—tending to show invidious discrimination.

In opposition, the Tribe asserts that, under a more lenient "pleading standard," it has pleaded sufficient facts to support its equal protection and discrimination claims. It has not done so. As stated in the case cited by the Tribe, "when the law under review is generally applicable to all persons, no presumption of intentional discrimination arises; proof is required." *SECSYS, LLC v. Vigil*, 666 F. 3d 678, 687l (10th Cir. 2012). The Tribe has established only that SITLA did

not consummate a contract with the Tribe.  There is no "law" that actually discriminates against the Tribe on its face.

But beyond that, the Tribe makes *no* allegations of discrimination against Former Director Styler or Governor Cox.  This dooms the Tribe's claims against them.

In *Ashcroft v. Iqbal*, claims alleging racial discrimination against high-level government officials were dismissed because the plaintiff's complaint did not "contain any factual allegation sufficient to plausibly suggest [the government officials'] discriminatory state of mind," and relying on *respondeat superior* or the actions of inferiors was insufficient.  *Iqbal*, 556 U.S. at 687.  As in *Iqbal*, precedent that the Tribe describes as "particularly helpful," [12]  these claims should be dismissed.

**4.  The Tribe's state law claims should be dismissed.**

Finally, the Tribe's state law claims against Governor Cox and former Director Styler should be dismissed because they are procedurally and substantively barred by the Governmental Immunity Act of Utah and because they are improperly pleaded.

---

[12] Pl.'s Opp. at 9.

### 4.1. The Tribe's failure to file a notice of claim bars their state law claims.

As conceded by the Tribe,[13] it failed to file a notice of claim, as required by the Governmental Immunity Act of Utah, before filing suit for its state-law claims. They are therefore barred and must be dismissed. Utah Code § 63G-7-403; *Craig v. Provo City,* 2016 UT 40, ¶ 16, 389 P.3d 423, 426. As stated by Defendant Ure in Section 3 of his Reply Memorandum, which is incorporated by reference here, DUCivR 7-1(a)(7), the Tribe's proposal to "hold in abeyance any decision on those claims …"[14] is not allowed by the Immunity Act or any case law. *See, e.g., David v. Midway City,* No. 2:20-CV-00066-DBP, 2021 WL 6927739, at *9 (D. Utah Dec. 14, 2021), *appeal dismissed,* 2022 WL 3350513 (10th Cir. Aug. 3, 2022) (unpublished). And because the Tribe is too late to file a notice of claim now, the state law claims should be dismissed with prejudice. Utah Code § 63-7-403; *Craig,* 2016 UT 40, at ¶ 16, 389 P.3d at 426.

### 4.2. The Immunity Act substantively bars the Tribe's claims.

The Tribe's state-law claims should also be dismissed because they are substantively barred by the Immunity Act. Utah Code §§ 63G-7-

---

[13] Pl.'s Opp to Def. Ure's Mot. (doc. 38) at 13.
[14] *Id.*

201(1), -201(4)(b), -202(3)(a). The Tribe did not address this argument in response to any defendant's motion. Because of the Tribe's failure to address this issue, and for the reasons stated previously, the Court should dismiss the state law claims against Gov. Cox and Former Director Styler as substantively barred by the Immunity Act. *See id.*; *see also, e.g.,* DUCivR 7-1(f) (permitting the Court to grant a motion if a party fails to timely respond to it).

### 4.3.    The Tribe's state law claims are improperly pleaded.

Notwithstanding the other arguments, the Court should dismiss the Tribe's state law claims because they are improperly pleaded.  The Tribe contends that it has pleaded all facts necessary,[15] but it simply hasn't.  While the Tribe's Complaint contains allegations generically against SITLA and DNR, and a few allegations against David Ure, it contains no allegations at all against Governor Cox or Former Director Styler.  It has not pleaded *any* involvement by Governor Cox.

The Tribe's "collective allegations" against "Defendants" generically, while failing to "identify specific actions taken by each individual" are insufficient to support the claims alleged by the Tribe. *Cf. Bledsoe v. Carreno*, 53 F.4th 589, 608 (10th Cir. 2022).  The Tribe's use of the collective "Defendants," their reference to

---

[15] Pl.'s Opp. at 21–23.

entities rather than individuals, and their use of conclusory terms and passive voice (for example, that a "representation was made" by Defendants)[16] dooms their complaint. *See AFCME, N.M. Counsel 18, Local 2499, AFL-CIO v. Bd. of Cnty. Comm'rs*, 490 F. Supp. 3d 1371, 1376–79 (D.N.M. 2020) (analyzing similar complaints and dismissing for failure to isolate the wrongful acts of each defendant).

## CONCLUSION

For the reasons stated above, the Court should dismiss the Tribe's Complaint with prejudice.

Respectfully submitted on this 6th day of November 2023,

OFFICE OF THE UTAH ATTORNEY GENERAL

*/s/Kyle J. Kaiser*
KYLE J. KAISER
Assistant Utah Attorney General

---

[16] Pl.'s Opp. at 22.

## WORD COUNT CERTIFICATION

Under DUCivR 7-1(a)(5)(C), I certify that this Motion to Dismiss contains

**3063** words and complies with DUCivR 7-1(a)(4).

OFFICE OF THE UTAH ATTORNEY GENERAL


*/s/Kyle J. Kaiser*
_____
KYLE J. KAISER
Assistant Utah Attorney General