KYLE J. KAISER (13924)
Assistant Utah Attorney General
SEAN D. REYES (7969)
UTAH ATTORNEY GENERAL
160 East 300 South, Sixth Floor
P.O. Box 140856
Salt Lake City, Utah 84114-0856
Telephone: (801) 366-0100
Email: kkaiser@agutah.gov

*Attorney for Defendants Spencer Cox and Michael Styler*

Andrew R. Hopkins (13748)
Philip S. Lott (5750)
Assistant Utah Attorneys General
SEAN D. REYES (7969)
UTAH ATTORNEY GENERAL
160 East 300 South, Sixth Floor
P.O. Box 140856
Salt Lake City, Utah 84114-0856
Telephone: (801) 366-0100
Email: arhopkins@agutah.gov
phillott@agutah.gov

*Attorneys for Defendant David Ure*

Robert G. Wing (4445)
Thomas M. Melton (4999)
Jonathan O. Hafen (6096)
Kade Olsen (17775)
PARR BROWN GEE & LOVELESS, P.C.
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
Telephone: (801) 532-7840
Email: rwing@parrbrown.com
tmelton@parrbrown.com
jhafen@parrbrown.com
kolsen@parrbrown.com

Vanessa R. Walsh (16180)
Assistant Utah Attorney General
SEAN D. REYES (7969)
UTAH ATTORNEY GENERAL
160 East 300 South, Sixth Floor
P.O. Box 140856
Salt Lake City, Utah 84114-0856
Telephone: (801) 366-0100
Email: vwalsh@agutah.gov

*Attorneys for Defendants Utah School and Institutional Trust Lands Administration and Michelle McConkie*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| UTE INDIAN TRIBE OF THE UINTAH AND OURAY INDIAN RESERVATION, a federally recognized Indian Tribe,<br><br>Plaintiff(s),<br><br>v.<br><br>DAVID URE, MICHELLE MCCONKIE, MICHAEL STYLER, SPENCER COX, UTAH SCHOOL AND INSTITUTIONAL TRUST LANDS ADMINISTRATION,<br><br>Defendant(s). | **DEFENDANTS' JOINT MOTION FOR CLARIFICATION OF COURT'S ORDER ON MOTION TO DISMISS**<br><br>Case No. 2:23-CV-295<br><br>Judge David B. Barlow<br>Magistrate Judge Cecilia M. Romero |

## MOTION

Defendants, jointly through undersigned counsel, move the court for clarification of its Memorandum Decision and Order Granting in Part and Denying in Part Defendants' Motions to Dismiss (doc. 52). In particular, Defendants request clarification of:

1. Whether all claims have been dismissed against Defendants Cox, Styler, and McConkie, including claims in Count I (federal civil rights claims) and Count II (declaratory and injunctive relief for federal civil rights claims) of Plaintiff's Complaint;

2. Whether all claims against Defendant SITLA have been dismissed; and

3. Whether the only remaining claim that survives against Defendant Ure is the constitutional conspiracy claim in Count III.

## MEMORANDUM OF LAW

This case arises out of the proposed sale, and termination of sale process, of land offered by the Utah School and Institutional Trust Lands Administration (SITLA). Plaintiff the Ute Indian Tribe of the Uintah and Ouray Reservation bid on the land. It claims that the proposed (and later withdrawn) sale of the land to the Utah Department of Natural Resources was improper.

Plaintiff's complaint alleges violations of the Fourteenth Amendment to the United States constitution, actionable through 42 U.S.C. §§ 1981–1983, conspiracy under 42 U.S.C. § 1985, and violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d (Count I). The Complaint requests declaratory and injunctive relief arising from the alleged constitutional violations (Count II). It also alleges claims for Breach of Trust under Utah state law and

"Conspiracy to Violate Law" under "State and federal law") (Count III); for fraud under state law (Count IV); and for breach of contract and quasi-contract under state law (Count V). The Tribe brought its complaint against SITLA, the former director of SITLA David Ure, the current director of SITLA Michelle McConkie, the former DNR director Michael Styler, and the Governor of Utah, Spencer Cox.

All defendants filed motions to dismiss. The bases included arguments that applied to multiple counts and all defendants (whether the tribe had standing, a statutes of limitations defense, a notice of claim and governmental immunity defenses), that applied to multiple counts and just a singular defendant (SITLA not being a "person" subject to suit under § 1983), and applied to individual defendants and individual claims (insufficient pleading to show personal participation).

After full briefing, the Court entered a Memorandum Decision and Order (doc. 52) granting in part, and denying in part, Defendants' motions.

In the Order section of the document, the Court dismissed without prejudice the Tribe's "federal claims" against Governor Cox and against SITLA, the Tribe's conspiracy claims, and the Tribe's "state law claims" against all Defendants (Mem. Decision & Ord. (doc. 52) at 42.) It dismissed with prejudice the Tribe's Title VI claims against the individual defendants. The Order section did not specify which claims the Motions to Dismiss denied.

The Memorandum section of the document rejected Defendants' argument that the Tribe lacked standing and that that the four-year statute of limitations barred the Tribe's federal claims (Counts I and II). It also stated that "the Complaint plausibly asserts a constitutional conspiracy claim against Director Ure," (Mem. Decision & Ord. at 35) but did not otherwise specifically

3

hold that any other claims against any other defendant, in their official or individual capacities, could move forward. Defendants now seek clarification about which claims, and which Defendants, remain.

1. **The Court should clarify that no claims remain against Former DNR Director Styler, Governor Cox, and Current SITLA Director McConkie.**

    1.1. **The Court should clarify that no substantive federal claims remain under Count I.**

Plaintiff placed multiple federal claims in Count I of the Complaint, it is unclear whether Plaintiff has stated, or whether the Court addressed, substantive, direct liability claims brought under 42 U.S.C. § 1983 for violations of equal protection and due process against Governor Cox, Former DNR Director Styler, and current SITLA Director McConkie, in their individual capacities. Particularly as it related to Director McConkie the Order specifically states she is being sued in her official capacity, (Mem. Decision & Ord. at 13, 22-23), however the conspiracy claim was dismissed in her individual capacity. She seeks clarification that all claims against her have been dismissed. (*id*. at 42.)

Plaintiffs pleaded a conspiracy flowing from the §1983 causes of action, *see* Pl.'s Compl. ¶¶ 137–38, 143, and the Court clearly treated the claims brought under §§ 1981 and § 1982 as conspiracy claims under §§ 1985(3). (Mem. Decision & Ord. at 32) ("[O]nly the adequacy of the conspiracy claims under §§ 1983 and 1985(3) are in question".)

But the Complaint could also be read to state direct claims for equal protection and due process violations against Governor Cox and Former Director Styler. *See* Pl.'s Compl. ¶ 137 ("Defendants' actions … were based upon animus"), ¶¶ 138–39 ("Defendants' decision to suspend the sale … and related actions to create a public record … interfered with and prevented

the Tribe from making or enforcing a contract …. Those actions include … the decision and actions to have DNR issue a bid for which DNR did not have the requisite ability to meet ….”), ¶ 141 ("All of the actions and decisions of the Defendants were taken under color of state law … and in violation of the due process and equal protection rights of the Tribe and its members.")

The Court dismissed the "conspiracy" claims against Governor Cox. (Mem. Decision & Ord. at 33–34) Former Director Styler (*id.* at 34–35), and current director McConkie (*id.* at 36) on the basis that Plaintiff failed to plead "factual allegations that could plausibly" state a claim against them. (*id.* at 34 (Gov. Cox); *accord id.* at 35 (Former Director Styler), *id.* at 36 (Director McConkie).

To the extent that Plaintiff has pleaded substantive §§ 1981 or 1983 claims in Count I, they should be dismissed for the same reasons that the Court determined that the conspiracy claims should be dismissed. Plaintiff has failed to plead the necessary personal involvement, *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009), or supervisor liability with an "affirmative link" to any unconstitutional actions, *Serna v. Colo. Dep't of Corrs.*, 455 F.3d 1146, 1152 (10th Cir. 2006) to hold these defendants personally liable for any constitutional violations, outside of the context of a conspiracy. The Court should clarify that Count I is dismissed in its entirety against these defendants.

### 1.2. The Court should clarify that no claims for declaratory or injunctive relief remain under Count II.

Next, the Court should clarify that no claims for declaratory or injunctive relief remain under Count II. The Court dismissed claims against Governor Cox in his Official Capacity, and recognized that the Tribe "only asserts official capacity claims against Governor Cox and Director McConkie," (Mem. Decision & Ord. at 23) but never specifically concluded that the

declaratory and equitable remedies sought under Count II have been dismissed against former Director Styler or Director McConkie.

For the reasons stated in the defendants' motions, and for the reasons recognized by the Court, the Court should dismiss Count II against these defendants.

### 1.3. The Court should dismiss Governor Cox, former Director Styler, and Director McConkie as defendants.

With the Court's explicit recognition that Plaintiff's Title VI claims have been dismissed against the Individual Defendants with prejudice (Mem. Decision & Ord at 42), that the Conspiracy claims found in Counts I and III have been dismissed (*id.*), the state law claims found in Counts III and IV, and have been dismissed (*id.*), and the clarification that no federal claims or declaratory or injunctive remedies found in Counts I or II remain, the Court should clarify that Governor Cox, former DNR Director Styler, and current SITLA Director McConkie have been dismissed from the lawsuit. This clarification will assist Defendants in determining who must file an answer, and to which claims, and to work with Plaintiffs to craft disclosures, agree to discovery, and move forward what remains of the litigation.

### 2. The Court should clarify that no claims remain against SITLA.

As against SITLA, the court concluded that it was an arm of the State, and therefore not a "person" against whom §§ 1981–1983 claims may be brought and to which Eleventh Amendment immunity applies. (Mem. Decision & Ord. at 12, 22). It then also concluded that the Title VI claims are to be dismissed against SITLA because "the complaint lacks any other allegations regarding SITLA's federal financial assistance." (Mem. Decision & Ord. at 32.) The Order recognizes that the "federal claims" are dismissed against SITLA "without prejudice." But because the Order also recognizes that the Title VI claims are dismissed against the Individual

Defendants with prejudice, there is some ambiguity about whether the Title VI claim is encompassed within the "federal claims" dismissed against SITLA. Further, as with the individual defendants discussed above, the Order does not specifically note that SITLA should be dismissed because no claims remain against it. SITLA therefore requests that the Court clarify that all claims in Count I and the requests for relief in Count II are dismissed against it without prejudice, and that, because no claims against SITLA remain, it is dismissed as a defendant.

3. **The Court should clarify that the only claim that remains against former Director Ure is a conspiracy claim under §1983 or § 1985(3).**

The Court's Order does not specifically state which claims, or which defendants, remain in the case. The Memorandum Decision concludes that the Tribe stated a claim against former Director Ure for conspiracy under § 1983 or § 1985(3). (Mem. Decision & Ord. at 35). Because the elements to prove conspiracy under either § 1983 or § 1985(3) are different from, and include additional elements to prove a direct § 1983 claim, the Court should clarify what type of conspiracy claim remains against former Director Ure, and that this is the sole remaining claim against him. *See, e.g., Brooks v. Gaenzle*, 614 F.3d 1213, 1228 (10th Cir. 2010) (noting the "many differences" between a § 1983 and § 1985(3) conspiracy claim, but concluding that both include a requirement of "at least a combination of two or more persons acting in concert and an allegation of a meeting of the minds, an agreement among the defendants, or a general conspiratorial objective"); *Assenov v. Univ. of Utah*, 553 F. Supp. 2d 1319, 1335 (D. Utah 2008) (articulating the elements of a § 1985(3) conspiracy claim as "(1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom" (quoting *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993); *Seymour v. Garfield Cnty.*, 580 F. Supp. 3d 1039, 1059 (D. Utah

7

2022) (articulating the elements of a § 1983 conspiracy claim as "(1) a deprivation of constitutional rights; and (2) the elements of a conspiracy")(citing *Snell v. Tunnell*, 920 F. 2d 673, 701 (10th Cir. 1990)).

## CONCLUSION

For the reasons stated above, Defendants respectfully request that the Court clarify its Memorandum Decision and Order as discussed above, dismiss SITLA, Governor Cox, Former DNR Director Ure, and current SITLA Director McConkie as defendants, and clarify that the only remaining claim is a § 1983 or § 1985(3) conspiracy claim against former SITLA Director Ure.

Respectfully submitted on this 25th day of June, 2024,

OFFICE OF THE UTAH ATTORNEY GENERAL

*/s/ Kyle J. Kaiser*
KYLE J. KAISER
Assistant Utah Attorney General
*Attorney for Defendants Spencer Cox and Michael Styler*

PARR BROWN GEE & LOVELESS, P.C.

By: */s/ Robert G. Wing*
Robert G. Wing
Thomas M. Melton
Jonathan O. Hafen
Kade Olsen

OFFICE OF THE UTAH ATTORNEY GENERAL

*/s/ Vanessa R. Walsh*
VANESSA R. WALSH
Assistant Utah Attorney General
*Attorneys for Defendants Utah School and Institutional Trust Lands Administration and Michelle McConkie*

OFFICE OF THE UTAH ATTORNEY GENERAL

*/s/ Andrew R. Hopkins*
Andrew R. Hopkins
Assistant Utah Attorney General
*Attorneys for Defendant David Ure*