J. Preston Stieff (4764)
J. PRESTON STIEFF LAW OFFICES, LLC
311 South State Street, Suite 450
Salt Lake City, Utah 84111
Telephone: (801) 366-6002
Email: jps@StieffLaw.com

Jeremy J. Patterson, *Pro Hac Vice Admission*
Linda F. Cooper, *Pro Hac Vice Admission*
PATTERSON EARNHART REAL BIRD & WILSON LLP
1900 Plaza Drive
Louisville, Colorado 80027
Telephone: (303) 926-5292
Facsimile: (303) 926-5293
Email: _jpatterson@nativelawgroup.com
         lcooper@nativelawgroup.com

*Attorneys for Plaintiff*

---

## UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UTE INDIAN TRIBE OF THE UINTAH AND OURAY INDIAN RESERVATION, a federally recognized Indian Tribe, <br><br> Plaintiff, <br><br> v. <br><br> David Ure, Michelle McConkie, Michael Styler, Spencer Cox, Utah School and Institutional Trust Lands Administration, <br><br> Defendants. | **PLAINTIFF'S RESPONSE TO DEFENDANTS' JOINT MOTION FOR CLARIFICATION OF COURT'S ORDER ON MOTION TO DISMISS** <br><br> Civil Case No. 2:23-CV-295-DBB-CMR <br><br> Judge David B. Barlow <br> Magistrate Judge Cecilia M. Romero |

## Background

Plaintiff, the Ute Indian Tribe of the Uintah and Ouray Reservation ("Tribe"), by and through counsel, hereby responds to the Defendants' Joint Motion for Clarification ("Motion"). Through their Motion, Defendants purportedly seek clarification of the Court's Order ("Order") on their motions to dismiss. However, as set forth below, Defendants do more than seek clarification – they use the Motion as a vehicle to argue that the Court, in contravention of what the Order actually says, should dismiss claims that plainly survived the Court's ruling.

In their Complaint, Plaintiff pled the following claims:

**Count I** (Violations of 42 U.S.C. §§ 1981, 1982, 1983, 1985, and 2000(d)) as to SITLA, Governor Cox, David Ure, Michelle McConkie, and Michael Styler [Doc. 1 at 19.]

**Count II** (Declaratory and Injunctive Relief to Remedy Violation of Equal Protection and Due Process) as to SITLA, Governor Cox, David Ure, Michelle McConkie, and Michael Styler [Doc. 1 at 22.]

**Count III** (SITLA and SITLA officers; state law) and Conspiracy to Violate Law (all Defendants, state and federal law) [Doc. 1 at 22.]

**Count IV** (Fraud and Conspiracy to Commit Fraud (all Defendants; State law)) [Doc. 1 at 24.]

**Count V** (Breach of Contract/Estoppel/Equitable Conversion (SITLA; State law)) [Doc.1 at 25.]

Per its Order, the Court dismissed the following discrete claims:

o   The Tribe's federal claims against Governor Cox in his official capacity (dismissed without prejudice);

o   The Tribe's federal claims against SITLA (dismissed without prejudice);

o   The Tribe's 42 U.S.C. § 2000(d) (Title VI) claims against the individual defendants (dismissed with prejudice);

o   The Tribe's conspiracy claims against Governor Cox, Michelle McConkie, and Michael Styler in their individual capacities (dismissed without prejudice) and

o   The Tribe's state law claims (dismissed without prejudice).

Defendants now ask the Court to confirm that **all** claims have been dismissed against Defendants Cox, Styler, McConkie, and SITLA and that the only remaining claim against Defendant Ure that survives is the constitutional conspiracy claim in Count III.  But, based on the arguments Defendants made in their motions to dismiss and the language of the Court's Order, Defendants go too far.

Plaintiff agrees that it would be helpful for the Court to clarify its ruling --- and to state unequivocally that federal civil rights claims (Count I) and declaratory and injunctive relief for federal civil rights claims (Count II) against Defendants Cox, Styler, McConkie and Ure **survive.**

<u>**Argument**</u>

As Defendants recognize in their Motion, Plaintiff's Complaint alleges violations of the Fifth and Fourteenth Amendments to the United States Constitution, actionable through 42 U.S.C. §§ 1981-1983, conspiracy under 42 U.S.C. § 1985, and violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. 2000d (Count I).  Defendants further recognize that the Complaint requests declaratory and injunctive relief arising from the alleged constitutional violations (Count II). Despite Defendants' explicit acknowledgement that the "Complaint could… be read to state direct claims for equal protection and due process violations," they take the position that "it is unclear whether Plaintiff has stated, or whether the Court has addressed, substantive, direct liability claims brought under 42 USC § 1983 for violations of equal protection and due process against Governor Cox, Former DNR Director Styler, and current SITLA Director McConkie, in their individual capacities."  Motion at 3.

Defendants' confusion notwithstanding, a fair reading of the Order demonstrates that the Court did **not** dismiss (and should not have dismissed) these federal constitutional claims.  In its Order, the Court **rejected** Defendants' arguments, made in their motions to dismiss, that the Tribe

2

could not bring federal constitutional claims against Defendants because the Tribe was not a "person" within the meaning of 42 U.S.C. § 1983.  Having ruled against Defendants on their sole argument as to why the §1981, 1982, and 1983 claims should be dismissed, there was no reason for the Court to further address dismissal of those claims.  Accordingly, in its Order, while the Court clearly dismissed § 2000(d) claims on the basis that such claims could not be brought against individuals, it notably **did not dismiss** the § 1981, 1982, and 1983 claims against these individual defendants.  [Doc. 52 at 42].  Had the Court intended to dismiss these constitutional claims, it could have simply indicated that it was dismissing those claims along with the 2000(d) claims.

Further, that the Court dismissed the "conspiracy" claims against Cox, Styler, and McConkie on the basis that Plaintiff failed to plead factual allegations that could plausibly state a claim against them, that does not mean the direct § 1981, 1982, and 1983 claims were affected.  To the contrary, it is well established that a party can prevail on a § 1981 and/or § 1982 claim brought pursuant to § 1983 even if a constitutional **conspiracy** claim fails. This is because the essential elements of a § 1983 direct claim and a conspiracy claim are fundamentally different. A § 1983 direct claim requires proof of a deprivation of a constitutional right under color of state law but does not need to establish a conspiracy.  This distinction allows for the possibility that while a conspiracy might not be substantiated, individual liability for constitutional violations might still be established under § 1983.

As for Count II, Defendants ask the Court to clarify that no claims for declaratory or injunctive relief remain.  While Defendants note that the Court dismissed claims against Governor Cox in his official capacity and recognized that the Tribe only asserts official capacity claims against Cox and McConkie, they seek an affirmative statement that the declaratory and equitable remedies sought under Count II against Styler and McConkie have been dismissed.  But it makes

sense that the Court, having **not** dismissed the Count I constitutional claims against these Defendants, did not then dismiss these related Count II claims.

As to Defendant Ure, contrary to Defendants' position that the only remaining claim against him is a constitutional conspiracy claim, the Court should clarify that, for the same reasons the § 1981, 1982, and 1983 **constitutional claims** against Cox, Styler, and McConkie survive, these constitutional claims against Ure also survive the Order on motion to dismiss. The only difference with Defendant Ure is that all of these direct constitutional claims, in addition to the conspiracy claims, survive.

Dated: July 9, 2024.

*/s/ Linda F. Cooper*
Linda F. Cooper, *Pro Hac Vice*
Jeremy J. Patterson, *Pro Hac Vice*
PATTERSON EARNHART REAL BIRD & WILSON LLP
1900 Plaza Drive
Louisville, Colorado 80027
Telephone:  (303) 926-5292
Facsimile:  (303) 926-5293
Email:  jpatterson@nativelawgroup.com
        lcooper@nativelawgroup.com


J. PRESTON STIEFF LAW OFFICES, LLC

*/s/  J. Preston Stieff*
J. Preston Stieff (4764)
311 South State Street, Suite 450
Salt Lake City, Utah 84111
Telephone:  (801) 366-6002
Email: jps@StieffLaw.com

*Counsel for Plaintiff*