ANDREW R. HOPKINS (13748)
PHILIP S. LOTT (5750)
Assistant Utah Attorney General
DEREK E. BROWN (10476)
Utah Attorney General
160 East 300 South, 6th Floor
PO Box 140856
Salt Lake City, UT 84114-0856
Telephone: (801) 366-0100
E-mail: arhopkins@agutah.gov
           phillott@agutah.gov

*Attorneys for Defendant David Ure*

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UTE INDIAN TRIBE OF THE UINTAH AND OURAY INDIAN RESERVATION,<br><br>Plaintiff,<br><br>v.<br><br>DAVID URE, MICHELLE MCCONKIE, MICHAEL STYLER, SPENCER COX, JOEL FERRY, UTAH SCHOOL AND INSTITUTIONAL TRUST LANDS ADMINISTRATION, and UTAH DEPARTMENT OF NATURAL RESOURCES,<br><br>Defendants, | **REPLY MEMORANDUM IN SUPPORT OF DEFENDANT DAVID URE'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Case No. 2:23-cv-295-DBB-DAO<br><br>District Judge David B. Barlow<br>Magistrate Judge Daphne A. Oberg |

Defendant David Ure by and through counsel Andrew R. Hopkins and Philip S. Lott, Assistant Utah Attorneys General, submit this reply memorandum in support of his motion to dismiss the First Amended Complaint against him as follows:

i

# TABLE OF CONTENTS

Table of Contents ................................................................................................................ ii

Reply Introduction ............................................................................................................. 5

Reply Argument ................................................................................................................. 5

1. Any official capacity must be dismissed. ................................................................. 5

2. Plaintiff cannot overcome Mr. Ure's defense of qualified immunity ................... 6

   2.1. Plaintiff does not state a plausible personal capacity claim against Mr. Ure. ................................................................................................... 7

      2.1.1. There is no plausible claim grounded in §§ 1981-1982. ................... 8

      2.1.2. Plaintiff cannot find relief under § 1985 either. ............................. 9

   2.2. Even if Plaintiff stated a plausible violation, it was not clearly established at the time of the conduct. ................................................ 10

3. Plaintiff cannot find any relief under Utah state law against Mr. Ure either. ................................................................................................................... 11

Conclusion ....................................................................................................................... 12

Word Count Certification ............................................................................................... 12

# TABLE OF AUTHORITIES

Cases

*City of Escondido v. Emmons,*
  139 S. Ct. 500 (2019) ............................................................................................... 11

*Hafer v Melo,*
  502 U.S. 21 (1991) ..................................................................................................... 5

*Hampton v. Dillard Dep't Stores, Inc.,*
  247 F.3d 1091 (10th Cir. 2001) ................................................................................. 8

*Hunter v. Bryant,*
  502 U.S. 224 (1991) ................................................................................................... 7

*Lewis v. Clarke,*
  581 U.S. 155 (2017) ................................................................................................... 5

*Neal v. Lewis,*
  414 F.3d 1244 (10th Cir. 2005) ............................................................................ 7, 11

*Paris v. Sw. Bell Tel. Co.,*
  94 Fed. Appx. 810 (10th Cir. 2004) ......................................................................... 10

*Pueblo of Pojoaque v. New Mexico,*
  214 F. Supp. 3d 1028 (D.N.M. 2016) ........................................................................ 9

*Reeves v. Carrollsburg Condominium Unit Owners Ass'n,*
  No. 96–2495RMU, 1997 WL 1877201 (D.D.C. Dec. 18, 1997) .............................. 9

*Swearingen v. Pleasanton Unified Sch. Dist. 344,*
  641 F. Supp. 3d 1141 (D. Kan. 2022) ........................................................................ 6

*White v. Pauly,*
  580 U.S. 73 (2017) .............................................................................................. 10, 11

*Zhu v. Countrywide Realty Co.,*
  160 F. Supp. 2d 1210 (D. Kan. 2001) ........................................................................ 8

*Ziglar v. Abbasi,*
  582 U.S. 120 (2017) ............................................................................................... 10

Statutes

42 U.S.C. § 1981(a) ..................................................................................................... 8

42 U.S.C. § 1982 .......................................................................................................... 8

42 U.S.C. § 1985 ................................................................................................ 8, 9, 10

42 U.S.C. §§ 1981-1982, and 1985 ........................................................... 5, 8, 9, 11

Rules

Fed. R. Civ. P. 25(d) ................................................................................................... 5

Other Authorities

*DUCivR 7-1(a)(4)* ...................................................................................................... 13

REPLY INTRODUCTION

Plaintiff's First Amended Complaint should be dismissed with prejudice. Plaintiff is attempting to fit a square peg in a round hole in invoking 42 U.S.C. §§ 1981-1982, and 1985. These statutes, though they protect important rights, do not apply here to redress the Tribe's alleged injury. Moreover, even if these statutes could redress Plaintiff's injury, Plaintiff has completely failed to demonstrate the law is clearly established and Mr. Ure should be entitled to qualified immunity. Finally, Plaintiff has not pled any plausible violations of state law. For these reasons, as further discussed below, Mr. Ure's motion to dismiss should be granted, and this suit should be dismissed with prejudice as it relates to him.

REPLY ARGUMENT

1. **Any official capacity must be dismissed.**

There is no basis for any official capacity claims to survive against Mr. Ure. As pointed out by Plaintiff, when an official capacity officer leaves office, "[t]he officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name . . . ." Fed. R. Civ. P. 25(d). For this reason, "when officials sued in their official capacities leave office, their successors automatically assume their role in the litigation." *Lewis v. Clarke*, 581 U.S. 155, 162 (2017) (citing *Hafer v Melo,* 502 U.S. 21, 25 (1991)). Put another

way, "[a] plaintiff's official capacity suit against a public official can't proceed against a former officeholder as defendant." *Swearingen v. Pleasanton Unified Sch. Dist. 344*, 641 F. Supp. 3d 1141, 1162 (D. Kan. 2022).

Despite this clear caselaw, Plaintiff still seeks relief from Mr. Ure in his official capacity. While Mr. Ure was once the director of SITLA, he has not held this office since March 2022.[1] Any injunctive relief ordered by the Court could not be effectuated by Mr. Ure, and it is inappropriate to leave any official capacity claims against him. Moreover, Plaintiff has named Mr. Ure's successor at SITLA, Michelle McConkie as a Defendant.[2] Any official capacity claims that are directed towards Mr. Ure should be dismissed and instead be interpreted to be against Ms. McConkie.

**2. Plaintiff cannot overcome Mr. Ure's defense of qualified immunity.**

The First Amended Complaint does not make clear what federal claims Plaintiff is asserting. Despite not invoking any constitutional claims in the complaint, Plaintiff's opposition discusses the pleading standard required for Fourteenth Amendment equal protection claims, particularly how discrimination must be pled,[3] yet no such constitutional claim exists within the First Amended Complaint.

---

[1] 1st Am. Compl. ¶ 10.
[2] *Id.* ¶ 11.
[3] Dkt. 85 at 9-12.

While there may be similar analysis under the statutory claims that are alleged, Defendant Ure specifically did not focus on the discrimination prong of each statute's test in his opening motion.[4] Regardless, the Tribe is still unable to overcome Mr. Ure's qualified immunity defense, even at the motion to dismiss stage. This determination should be made "at the earliest possible stage in litigation." *Hunter v. Bryant,* 502 U.S. 224, 227 (1991).

"Once a defendant raises the defense of qualified immunity, the burden shifts to the plaintiff to satisfy a heavy two-part burden. First, the plaintiff must demonstrate that the defendant violated a constitutional or statutory right. Second, he must show that the right at issue was clearly established at the time of the defendant's unlawful conduct." *Neal v. Lewis,* 414 F.3d 1244, 1247–48 (10th Cir. 2005) (cleaned up). The Tribe has not shown a violation of a statutory right, and even if it had, such a right is not clearly established.

### 2.1. Plaintiff does not state a plausible personal capacity claim against Mr. Ure.

Plaintiff alleges three federal statutory claims against Defendant Ure. These include (1) an alleged denial of due process through 42 U.S.C. § 1981,[5] (2) an

---

[4] *See* Dkt. 77 at 21, 22, 23-24.
[5] 1st Am. Compl., Dkt. 72 ¶¶ 125-146.

alleged denial of equal protection through 42 U.S.C. § 1982,[6] and (3) an alleged violation of 42 U.S.C. § 1985.[7] Plaintiff cannot succeed under any of these theories.

### 2.1.1. There is no plausible claim grounded in §§ 1981-1982.

Plaintiff has not alleged a plausible violation of its contract or property rights that is cognizable under the federal statutes it invokes. To allege a § 1981 violation, a plaintiff must allege, in part, "that the discrimination interfered with a protected activity," *Hampton v. Dillard Dep't Stores, Inc.*, 247 F.3d 1091, 1101–02 (10th Cir. 2001), which includes the right "to make and enforce contracts." 42 U.S.C. § 1981(a). Similarly, a § 1982 claim requires, in part, that a plaintiff show "defendants denied her rights or benefits connected with the ownership of property." *Zhu v. Countrywide Realty Co.*, 160 F. Supp. 2d 1210, 1232 (D. Kan. 2001) (citing *Reeves v. Carrollsburg Condominium Unit Owners Ass'n,* No. 96–2495RMU, 1997 WL 1877201, at *8 (D.D.C. Dec. 18, 1997)).

Plaintiff argues that no contract was formed because Defendants prevented one from being formed.[8] But as previously recognized by the Court, "no contract

---

[6] *Id.* ¶¶ 147-152. The §§ 1981 and 1982 claims are read through the lens of § 1983. *Id.* ¶ 154.
[7] *Id.* ¶¶ 156-159.
[8] Dkt. 85 at 13

could have formed," since the Complaint (along with the First Amended Complaint) "never alleges that a certificate of sale was issued, let alone a certificate of sale executed by an authorized individual."[9] This fact alone defeats any §§ 1981 and 1982 claim. Plaintiff applies these statutory claims inappropriately and the Court should dismiss them.

**2.1.2. Plaintiff cannot find relief under § 1985 either.**

Likewise, no § 1985 claim has been plausibly pled. "To state a claim under § 1985(3), a plaintiff must show: (i) a conspiracy, motivated by racially discriminatory animus; (ii) to deprive the plaintiff of equal protection or equal protections of the laws; (iii) an act in furtherance of the conspiracy; and (iv) an injury or deprivation resulting therefrom." *Pueblo of Pojoaque v. New Mexico*, 214 F. Supp. 3d 1028, 1076 (D.N.M. 2016), aff'd, 863 F.3d 1226 (10th Cir. 2017) (citing *Paris v. Sw. Bell Tel. Co.*, 94 Fed. Appx. 810, 815 (10th Cir. 2004)(unpublished).

Contrary to Plaintiff's assertion, Defendant Ure never stated that § 1985 does not implicate equal protection. Indeed, his opening memorandum's analysis focused solely on the second prong of the § 1985 test. To that end, there are no allegations that the land was sold to any entity, nor that the Tribe was treated

---

[9] Dkt. 52 at 39.

differently than any similarly situated organizations. Indeed, the sale was suspended, and no other actor was given the opportunity to purchase Tabby Mountain. This is insufficient to show a § 1985 violation and this claim should be dismissed.

**2.2. Even if Plaintiff stated a plausible violation, it was not clearly established at the time of the conduct.**

Plaintiff fails to directly address the clearly established prong of qualified immunity, and the Court should grant Mr. Ure qualified immunity on this basis. Qualified immunity must be granted "if a reasonable officer might not have known for certain that the conduct was unlawful." *Ziglar v. Abbasi*, 582 U.S. 120, 152 (2017). It "does not require a case directly on point for a right to be clearly established, [but] existing precedent must have placed the statutory or constitutional question beyond debate." *White v. Pauly*, 580 U.S. 73, 79 (2017) (internal citation omitted). "[T]he clearly established law must be 'particularized' to the facts of the case." *Id.* That is, "the clearly established right must be defined with specificity." *City of Escondido v. Emmons*, 139 S. Ct. 500, 503 (2019).

Rather than identifying any caselaw with the requisite specificity, Plaintiff states in conclusory fashion that not knowing the right "to be free from discrimination under federal law in matters of contracting and property rights

10

approaches the frivolous."[10] This defines the law at too high a level of generality. The statutes invoked by Plaintiff protect specific rights that require specific tests. Plaintiff does not identify any cases with similar facts, or even any cases where these statutes are applied to state actors. It is insufficient for Plaintiff to make a conclusory claim that discrimination is unlawful at a broad level and not provide any supporting caselaw that demonstrates Mr. Ure's alleged actions were unlawful. "Once a defendant raises the defense of qualified immunity, the burden shifts to the plaintiff to satisfy a heavy two-part burden." *Neal v. Lewis*, 414 F.3d 1244, 1247–48 (10th Cir. 2005) (cleaned up). Plaintiff does not meet its burden since it provides no caselaw that indicates suspending the sale of public land is or could be violative of §§ 1981, 1982, or 1985. For this reason Defendant Ure is entitled to qualified immunity on all claims alleged against him.

3. **Plaintiff cannot find any relief under Utah state law against Mr. Ure either.**

Finally, Plaintiff's opposition does not address any of its state law claims, and the Court should dismiss them. While Plaintiff incorporates its arguments from its prior briefing,[11] the Court previously dismissed these claims,[12] and

---

[10] Dkt. 85 at 9
[11] Dkt. 85 at 3.
[12] Dkt. 52 at 36-41.

Plaintiff does not provide any basis to suggest the Court should reach a different conclusion now. Accordingly, all state law claims against Ure should be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, Plaintiff's First Amended Complaint should be dismissed with prejudice against David Ure.

RESPECTFULLY SUBMITTED THIS 19th day of June, 2025.

> OFFICE OF THE UTAH ATTORNEY GENERAL
> /s/   *Andrew R. Hopkins*
> ANDREW R. HOPKINS
> PHILIP S. LOTT
> Assistant Utah Attorneys General
> *Attorneys for State Defendants*

## WORD COUNT CERTIFICATION

*I, Andrew R. Hopkins, certify that this Reply Memorandum in Support of Motion to Dismiss contains 1,548 words and complies with DUCivR 7-1(a)(4).*